<hr/>

## DAWSON VS. THE STATE.

1. CRIMINAL PRACTICE: *As to serving copy of indictment.*
    A defendant, who is at large on bail, is not entitled to service of a copy of the indictment under the provisions of Gantt's Dig., sec. 1825.

2. — *As to serving copy of venire.*
    A failure to furnish the defendant or his counsel with a copy of the venire before trial is no ground for a new trial, where the objection was not raised at the time.

3. CRIMINAL LAW: *Rape.*
    It is not the persistence with which the party accused *intended* to pros-

ecute his illegal design, but the force actually used, that is an element in the crime of rape. And the court did not err in refusing to instruct the jury that they must find that the accused *intended* to effect his purpose forcibly and at all events.

4. — Rape may be committed on a female under the age of puberty, or one so young as not to be capable of giving her consent.

5. INSTRUCTIONS:
It is in the discretion of the court to give, or withhold cautionary instructions in regard to the evidence.

APPEAL from *St. Francis* Circuit Court.
Hon. WM. STORY, Circuit Judge.
*Brown & Lyles*, for appellant.
*S. P. Hughes*, Attorney General, *contra*.

HARRISON, J. The appellant, Jesse B. Dawson, was convicted in the St. Francis circuit court of the crime of rape. He moved for a new trial, which was refused, and upon that refusal, the questions in the case arise.

The grounds alleged for a new trial were:

1. That no copy of the indictment had been delivered to him before he was arraigned, or before he was put upon his trial.

2. That no copy of the list of jurors had been delivered to him before the trial.

3. The refusal to instruct the jury as asked by him; and

4. The verdict was contrary to law and evidence.

There is no foundation in the record for either of the first two causes assigned.

It is by section 1825, Gantt's Digest, that a copy of the indictment is in any case required to be delivered to the defendant, which is as follows:

"It shall be the duty of the clerk of the court in which an indictment against any person for a capital offense may be

pending, whenever the defendant shall be in custody, to make out a copy of such indictment and cause the same to be delivered to the defendant or his counsel, at least forty-eight hours before he shall be arraigned on such indictment; but the defendant may at his request be arraigned and tried at any time after the service of such copy."

The record discloses the fact that the defendant was on bail and not in custody, and he was not, therefore, entitled to require service of a copy of the indictment. If he desired a copy, he was at liberty to apply to the clerk for it, whose duty it was to make out and deliver the same to him, on being paid the fees allowed by law therefor. Section 1826, Id. But, if in custody, unless the record affirmatively shows that the copy was not delivered, which it does not, it will be presumed, in the absence of anything appearing to the contrary, that it was done, or that the defendant waived it.

The defendant's bill of exceptions states that a copy of the venire was not served on him or his counsel, before going into trial — the length of time mentioned or fixed in the statute; but it does not appear that he made any objection against proceeding to trial without it.

In *Freel v. The State*, 21 Ark., 226, the court say : " Where the prisoner goes to trial without objecting that a list of jurors has not been furnished, and where there is no affirmative showing that the list has not been served, the mere silence of the record on the subject, or the mere failure of the record to show that the list was furnished, is no valid cause for arresting or reversing the judgment." And we are of the opinion that though the record did show that a list had not been furnished, where no objection to proceeding to trial without it was taken, there can be no ground for supposing that any prejudice resulted to the defendant for the want of it, and that a fair and impartial trial had not been had, and that a new

trial for that cause should not be awarded him. Gantt's Digest, sec. 1970.

There is, in the code of criminal practice, no provision requiring a copy of the venire to be served on the accused; but whether the code repealed sec. 56 of ch. 52 of Gould's Digest, which, before its enactment, required such service, we need not, in this case, undertake to decide.

The third ground of the motion was that the court refused to give the jury certain instructions asked by the defendant, which were as follows:

1. "Unless the jury find that the defendant intended to have carnal knowledge of said Sarah Louisa Beers forcibly and at all events, they will find the defendant not guilty.

2. "If the jury find that Sarah Louisa Beers, at the time of the commission of the supposed offense, had not attained the age of puberty, and that she offered no resistance requiring force to overcome it, but merely withheld her consent, they will find the defendant not guilty.

3. "If the jury believe from the testimony that at the time of the commission of the supposed offense, said Sarah Louisa Beers had not attained the age of puberty, they are bound to acquit the prisoner.

4. "If the jury find that at the time of the commission of the supposed offense, the said Sarah Louisa Beers had not attained the age of puberty, her consent or nonconsent was immaterial; the crime of rape, as defined by the first section of the statute upon which this indictment is founded, could not be committed upon her, and the jury must find the defendant not guilty.

5. "The jury should remember that the charge of rape was one easy to be made and hard to disprove, and they should carefully endeavor to keep the heinousness of the crime and their sympathy for the girl from hurrying them to a conviction."

The first of these proposed instructions, if the evidence in any wise tended to show that no greater offense than an assault with intent to ravish was committed, was not a correct declaration of law, for it is not the extent of the persistence to which the party charged intended to go towards effecting his purpose, but the force actually used, which is an element in the crime; but the evidence before the jury was direct and positive to the perpetration of the grave offense that was charged; and there was not a scintilla of evidence to lead the mind to the conclusion that the attempt stopped short of it.

The second, third and fourth were, also, properly refused. A rape may be committed on a female under the age of puberty, as well as on one above it; and even upon one so young as not to be capable of giving consent or of exercising any judgment upon the matter. Gould's Digest, ch. 51, art. IV., sec. 1; 2 Bish. C. L., sec. 1076; 1 Hale P. C., 631; 1 East. P. C., 435; 1 Hawk. P. C., 122; 4 Black. Com., 214; *Hays v. The People*, 1 Hill, 351; *Stephen v. The State*, 11 Ga., 225.

The fifth seems not to have been offered as a proposition of law applicable to the evidence, but by way of cautionary direction from the court to the jury in their consideration of the evidence before them, the giving or refusing of which was in the sound discretion of the court; and certainly there was nothing in this case which called for or warranted such an admonition, and the court very properly rejected it.

The last ground of the motion was, that the verdict was contrary to law and evidence.

Sarah Louisa Beers, the party upon whom the crime was charged to have been committed, was a girl, a child about eleven years old, living in the defendant's family. The defendant's wife was from home, and there was no other person about the house but the defendant and the child and Pike Little, who was lying ill in another room. The child was in

the defendant's room about sunrise, sweeping, when he ordered her to get in his bed; upon her not complying, he threatened to stamp her into the ground. He then seized hold of her and jerked her into it, and against her will, she crying and screaming the while, violated her person. Profuse bleeding followed the outrage, and a physician calling to see the sick man, whom he was attending, learning from him the deed, within two or three hours after its perpetration examined the child, then in great pain, and found her bruised and lacerated in a horrible manner from the penetration of her person. Upon a careful examination by physicians, no sign or appearance of puberty or womanhood could be discovered.

The crime was committed in St. Francis county, and before the finding of the indictment.

Such are the facts developed by the evidence, which was direct, positive and full to every material allegation of the indictment. But were it less conclusive, it was the province of the jury to consider and pass upon the evidence, as this court has repeatedly held; and it has no authority upon the mere weight of evidence to disturb their verdict.

We find no error in the proceedings of the court below, and its judgment is accordingly affirmed.