FIELDS *v.* STATE.

4249                                    159 S. W. 2d 745

Opinion delivered March 16, 1942.

*G. B. Segraves, Jr.,* and *Joe W. Rhodes,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HUMPHREYS, J. The following information was filed against appellant in the circuit court of Mississippi county, Osceola district, to-wit:

"I, Marcus Feitz, prosecuting attorney within and for the second judicial circuit of the state of Arkansas, of which Mississippi county is a part, in the name and by the authority of the state of Arkansas, on oath, accuse the defendant, Bill Fields, of the crime of rape committed as follows, to-wit: The said defendant on the 15th day of August, 1940, in Osceola district of Mississippi county, Arkansas, did unlawfully, violently, feloniously, forcibly, and against her will, assault and carnally know one Laura Marguerite Schutz, a female person under the age of sixteen years; against the peace and dignity of the state of Arkansas."

Appellant pleaded not guilty to the charge and upon a trial of the cause to a jury, the following verdict was returned: "We, the jury, find the defendant, Bill Fields, guilty of the crime of rape, in manner and form as charged in the information, and fix his punishment at imprisonment in the state penitentiary for the period of his natural life." From the verdict and judgment rendered pursuant thereto and in conformity therewith an appeal has been duly prosecuted to this court.

Appellant assigns as reversible error the refusal of the trial court, at the conclusion of the testimony, to instruct the jury to return a verdict of acquittal on the ground that the testimony was insufficient to sustain the charge of rape preferred against him. Appellant argues that appellee, the state of Arkansas, failed to prove force, penetration, and the lack of consent on the part of the prosecutrix. The prosecutrix was only twelve years of age on the date of the alleged offense, and she testified that appellant grabbed her, threw her down on the ground, removed her stepins, took his thing out of his pants, put it in the place where she wet, at which time

she cried, and after lying on her a while, he got off and went back to plowing, saying if she told about it, he would do something bad to her.

At the time of the alleged offense the little girl had taken a bucket of water down to the field where appellant was plowing in obedience to his father's request, so that he might have a fresh drink. Appellant had been working for W. W. Schutz, the little girl's father, for quite a while and had lived in their home. He had been in the habit of playing games with the little girl and the other children and occasionally bought them candy. The state's witnesses fixed the time of the occurrence on September 30, 1940. A short time thereafter the father took the little girl to Dr. W. J. Sheddan, who, without any examination gave her some medicine for irritation of the vagina. The little girl described her condition as a burning sensation. The medicine did not relieve her trouble, but she grew worse, and on December 7, 1940, her father took her back to the doctor, who made a physical examination and discovered that she had a well developed case of gonorrhea. He treated her for it, and she recovered. On the way home from the second trip to the doctor the little girl told her father about the affair, and that appellant was the guilty party. The little girl testified that she had never been intimate with any other man or boy. The second examination by the doctor showed the hymen had been destroyed entirely.

Lando Holliman and Hollis Buck testified that appellant was at the home of Hollis Buck in August and said he had been kicked by a plow handle and something was wrong with him, and then pulled out his penis and that it was swollen.

All the essentials necessary to constitute rape are present in the evidence detailed above. Force and penetration are directly and positively testified to. It is true the little girl did not negative the fact of her consent in so many words, but she did testify that she cried which indicates very clearly that she did not consent to the act of sexual intercourse. Considering her tender years, barely past her 12th birthday, and on that account being incapable of knowing the nature of the act, her consent,

had she given her consent, would not have protected appellant from conviction of rape. Bearing upon this particular point the court correctly instructed the jury as follows:

"Instruction No. 7. If you find from the evidence in this case beyond a reasonable doubt that at the time of the alleged commission of the offense in this information, the prosecutrix was, on account of tender years or on account of exceptional want of mental or physical development, incapable of knowing the nature of the act, her consent would be no protection to the defendant."

The verdict and judgment is supported by substantial evidence as to every ingredient involved in the charge of rape, so the trial court did not err in refusing to peremptorily instruct a verdict of acquittal.

Appellant assigns as error the admission of the testimony of Dr. W. J. Sheddan relative to the diseased condition of the little girl. The act of sexual intercourse occurred September 30, 1940, and his physical examination of the little girl was on December 7, 1940, only about two months after she had been raped by appellant. At that time the doctor discovered that she had a well developed case of gonorrhea. The examination was not so remote as to preclude admission of the evidence. 4 Elliot on Evidence, § 3107.

We think the testimony of Lando Holliman and Hollis Buck as to the swollen and inflamed condition of appellant's penis was a circumstance which might be considered by the jury in support of the testimony of the little girl that her private parts had burning sensations shortly after the sexual intercourse and of the doctor's testimony that two months thereafter she had a well developed case of gonorrhea. The evidence was admissible for the reasons stated.

Appellant assigns as reversible error a question asked one of the jurors in his *voir dire* examination, as follows: "If the state proves that this defendant (appellant) raped this little girl and gave her gonorrhea or syphilis, would he convict him?" We think this a proper question on the *voir dire* examination of a juror for the

prosecuting attorney had a right to know whether the juror would impose the death penalty if the state made out the case by proof.

Appellant also assigns as reversible error that the prosecuting attorney in his opening statement claimed he would make proof of facts which were subsequently excluded by the court from the consideration of the jury as being incompetent. For example, the prosecuting attorney offered to prove and asserted in his opening statement he would prove that when appellant was in jail a physician examined him and found that he had gonorrhea. This evidence or offered evidence was excluded by the court in keeping with the court's statement when appellant objected to the opening statement of the prosecuting attorney. The court at that time said: "The court will hear the case and instruct the jury to disregard any statement that is not competent, or if the statement was made in the opening statement that the jury will be told not to consider it."

We find no prejudicial error committed in the trial of the case, hence the judgment is affirmed.