STEVENS v. STATE.

4973                                                         332 S. W. 2d 482

Opinion delivered February 22, 1960.

[Rehearing denied March 21, 1960]

*A. C. Hervey,* for appellant.

*Bruce Bennett,* Attorney General, By: *Ben J. Harrison,* Asst. Attorney General, for appellee.

ED. F. McFADDIN, Associate Justice. Appellant was tried and convicted of the rape (§ 41-3401 Ark. Stats.) of his eleven-year-old granddaughter, and sentenced to life imprisonment (§ 41-3403 Ark. Stats.). His motion for new trial contains seven assignments.

I. *Sufficiency Of The Evidence.* This embraces assignments 1 to 5 in the motion for new trial. The testimony is revolting. Appellant, aged 67, lived in Chicago; but on two occasions he visited in the home of his daughter in Arkansas. On these visits the crimes were committed. The little girl testified that appellant commenced by putting his finger in her private parts; and later, on repeated occasions, put his private parts in hers, sometimes getting on top of her. Something caused the parents of the little girl to become suspicious, and they took her to a doctor for a physical examination. He testified that someone had definitely engaged in sexual intercourse with the child. Even though her tender age made consent legally impossible,[1] nevertheless she stated the acts were against her will. Even though her testimony did not have to be corroborated,[2] nevertheless there was testimony that the appellant admitted "playing" with the little girl and "fingering" her. The appellant stoutly denied the crime, and character witnesses testified on his behalf; but a study of the record discloses that there was ample evidence to take the case to the jury and to sustain the verdict rendered.

II. *Instructions.* Assignments 6 and 7 relate to this topic. The Trial Court correctly instructed the jury as to rape, carnal abuse, burden of proof, reasonable doubt, credibility of witnesses, presumption of innocence, and forms of verdict; and the Court was correct in refusing the defendant's requested instructions of not guilty. On appeal the appellant insists that the greatest crime for which he could be convicted is "fondling", as proscribed by Act No. 94 of 1953 (§ 41-1126 *et seq.* Ark. Stats.); but the defendant requested no correct instruction about "fondling", and, as we have already stated, the evidence was sufficient to support the verdict of rape. Therefore, there is no necessity for us to consider the Act No. 94 of 1953.

Affirmed.

---

[1] *Fields* v. *State*, 203 Ark. 1046, 159 S. W. 2d 745; and *Dawson* v. *State*, 29 Ark. 116.

[2] *Bradshaw* v. *State*, 211 Ark. 189, 199 S. W. 2d 747; and cases there cited.