Harry SCOGGINS *v.* STATE of Arkansas

CR 75-113                                     528 S.W. 2d 641

Opinion delivered October 27, 1975

*Ralph W. Robinson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry Kirkpatrick,* Asst.

Atty. Gen., for appellee.

J. FRED JONES, Justice. Harry Scoggins was convicted of larceny by bailee at a jury trial in the Crawford County Circuit Court and was sentenced to the penitentiary for a period of one year in accordance with the jury verdict. On appeal to this court Scoggins has designated the following points on which he relies for reversal:

"1. The Trial Court erred in overruling defendant's demurrer.

2. The Trial Court erred in permitting the Prosecuting Attorney to amend the information at the beginning of the trial to change the date of the alleged offense from January 17th to January 22, 1975.

3. The Trial Court erred in refusing to grant defendant a continuance after preparation of his defense was in conformity with the original charge.

4. The Trial Court erred in permitting appellant to be tried on a felony when there was no allegation in the information that an amount had been taken in excess of $35.00 which would have been necessary to charge a felony.

5. The Trial Court erred in violating defendant's constitutional rights by admitting into evidence a statement taken from the appellant without his having been warned that he did not have to incriminate himself and which statement was turned over to the Prosecuting Attorney for prosecution immediately and on the same date with charges being filed the next day.

6. The Trial Court erred in permitting evidence of value of goods taken when there was no allegation of value in the information.

7. The Court erred in refusing to give appellant's requested instruction No. 3."

We find no merit in the appellant's assignments 2, 3 and 5.

The trial court permitted a change in the information to allege the offense was committed on January 17 rather than January 22 as originally alleged in the information and refused to grant a continuance because of the change. Under Ark. Stat. Ann. § 43-1015 (Repl. 1964) a statement in the information or indictment as to the time the alleged offense was committed is not material, further than as a statement that it was committed before the time of finding the indictment, except where the time is a material ingredient in the offense. See *Crabtree v. State,* 238 Ark. 358, 381 S.W. 2d 729 (1964). The granting of the appellant's motion for continuance was within the sound discretion of the trial court and we find no abuse of his discretion under the facts in this case. See *Thacker v. State,* 253 Ark. 864, 489 S.W. 2d 500 (1973) and cases there cited.

The appellant's contention under his fifth point is likewise without merit. The statement made by appellant which was admitted into evidence was made to a private investigator who questioned the appellant concerning grain feed losses sustained by the appellant's employer. Such statement when so made does not fall within the protection against self-incrimination under the Fifth and Fourteenth Amendments to the United States Constitution as set out in *Miranda v. Arizona,* 384 U.S. 436 (1966) and as argued by the appellant. The *Miranda* decision is cited more often than it is quoted, but in that case the court said:

> "Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

In the case at bar the appellant was not in custody and he

gave his statement to the agent employed by his employer in an effort to find out what was going with the grain involved in this case. No questions were initiated by law enforcement officers in connection with the appellant's statement and he was not deprived of his freedom of action in any significant way at the time his statement was made.

Returning now to appellant's contentions under the other points he has raised, we conclude that the trial court erred in putting the appellant to trial for a felony (grand larceny) under the information as drafted. The information under which the appellant was charged is not abstracted but it simply charged him with "the crime of Larceny by Bailee committed as follows, to-wit:

The said Harry Scoggins in the County and State aforesaid on the 17th day of January, 1975, did unlawfully and willfully

obtain lawful possession of feed belonging to the O K Feed Mills, Inc. from the farm of Odell Shores and thereafter knowingly converted said feed to his own use contrary to the conditions under which the same shall have been obtained. Said act was in violation of Ark. Stat. Ann. 41-3929."

The proof was to the effect that Scoggins was a delivery truckdriver for O K Feed Mills, Inc. who furnished chicken feed in truck load lots to broiler producers and, when feed was left over at the broiler houses, upon feeding out or the sale of the broilers, it was part of Scoggins' duties to pick up the surplus feed and deliver it back to his employer's warehouse. The evidence is to the effect that Scoggins went into the hog raising business on a fifty-fifty profit sharing basis with another individual, and that he converted his employer's feed to the hog production operation.

Ark. Stat. Ann. § 41-3929 (Repl. 1964) under which the appellant was charged in the information provides as follows:

"Any person who shall lawfully obtain possession as bailee of any money, goods, vehicle, aircraft, chose in ac-

tion, or property of any character or description including farm produce and livestock, whether or not such possession was obtained gratuitously or for a consideration, who shall thereafter knowingly receive, dispose of, conceal, convert, keep, or use said property as above described contrary to the provisions of the agreement or conditions under which the same shall have been obtained, shall be deemed guilty of larceny to the degree depending upon the value of the property involved as fixed by law, and upon conviction thereof shall be punished as in cases of larceny."

Ark. Stat. Ann. § 41-3901 (Repl. 1964) defines larceny as the felonious stealing, taking and carrying, leading, riding or driving away the personal property of another, and the penalty for larceny as set out in § 41-3907 is as follows:

"Whoever shall be guilty of larceny when the value of the property stolen exceeds the sum of Thirty-five ($35.00) Dollars, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than one [1] nor more than twenty-one [21] years. And when the value of the property stolen does not exceed the sum of Thirty-five ($35.00) Dollars, by imprisonment in the county prison or municipal or city jail not more than one [1] year, and shall be fined in any sum not less than Ten ($10.00) Dollars nor more than Three Hundred ($300.00) Dollars."

Thus, it is seen that the larceny of property in value of more than $35 constitutes grand larceny or a felony, and if the value is less than $35, the crime is petit larceny which is a misdemeanor.

In the case of *Kightlinger* v. *State*, 105 Ark. 172, 150 S.W. 690, the defendant was indicted, convicted and sentenced to imprisonment in the penitentiary for a term of six months for selling certain property upon which a mortgage lien existed. The appellant was indicted under a statutory provision which made it an offense for any person to sell or otherwise dispose of any property on which certain liens existed, among them a lien created by virtue of a mortgage, with intent to defeat the

holder thereof in the collection of his debt secured thereby. It was further provided in the Act that a person convicted of such an offense should be deemed guilty of a felony where the debt secured by such lien exceeds the sum of $10, and the property so sold or otherwise disposed of exceeded in value the sum of $10. The Act provided that where the debt secured by the lien did not exceed the amount of $10, or where the property sold or otherwise disposed of did not exceed the sum of $10, then the person should be deemed guilty of a misdemeanor. The indictment in the *Kightlinger* case simply alleged, in apt and comprehensive language, that the defendant had sold certain property which was therein described, upon which a lien existed by virtue of a certain chattel mortgage executed by him, and that such sale was made without the consent of the mortgagee; but the indictment did not allege the value of the property which was sold nor the amount of the debt secured by the mortgage. The defendant interposed a demurrer to the indictment but the demurrer was overruled by the trial court. In reversing the judgment of the trial court, this court said:

> "Under the provisions of the above statutes, the defendant could be guilty of a felony only where the property disposed of exceeded in value the sum of $10 and the debt secured by the mortgage exceeded in amount the sum of $10. The value of the property disposed of and the amount of the debt secured by the mortgage are therefore, of the very essence of the offense of which defendant was convicted. The offense is a graded crime, and the value of the property and the amount of the debt are elements in the punishment thereof.
>
> When value is an element in the punishment of an offense, it must be alleged in the indictment, and it is immaterial what the crime is. Thus, in cases of larceny, the value of the article stolen must be alleged unless the statute makes the stealing of a particular thing itself a felony. *Houston v. State*, 13 Ark. 66; *Ware v. State*, 33 Ark. 567; *Walker v. State*, 50 Ark. 532; *Shappard v. State*, 42 Ala. 531; *Davis v. State*, 40 Ga. 229; Rapalje on Larceny and Kindred Offenses, § 109; 1 Bishop's New Crim. Proc., §§ 541, 567; 12 Enc. Pl. & Prac. 996.

Every indictment, for whatever offense, must set out all the facts which in law may influence the punishment for the commission thereof. The principle is thus stated in 2 Bishop's New Crim. Proc., § 48: 'If the punishment to be inflicted is greater or less, according to the value of the property, the value must be stated in the indictment, because every indictment for whatever offense must set out every fact which the law makes an element in the punishment thereof.' 1 Wharton, Crim. Law, § 1003; Bishop on Stat. Crimes, § 427.

The punishment fixed for the crime of selling mortgaged property is influenced by and dependent upon the value of the property sold and the amount of the debt secured by the mortgage thereon, and these facts must necessarily be set out in the indictment in order to charge an offense under the above statutes.

It follows that the court erred in overruling the demurrer to the above indictment. For this error the judgment is reversed, and this cause is remanded with directions to sustain the demurrer to said indictment and for further proceedings."

It is true, as stated by the state in its brief, that Ark. Stat. Ann. § 43-1006 (Repl. 1964) provides the language of an indictment must be certain as to the title of the prosecution, the name of the court in which the indictment is presented, and the name of the parties, and that it shall not be necessary to include statement of the acts constituting the offense unless the offense cannot be charged without doing so; that it also provides for a bill of particulars setting out the act or acts upon which it relies for conviction, when requested to do so. The state then cites *Underwood v. State*, 205 Ark. 864, 171 S.W. 2d 304 (1943) for the proposition that it was not necessary to state the value of the property stolen in an information charging the commission of *grand* larceny. The information in *Underwood* did charge *grand* larceny and we did point out in that case that grand larceny is not defined or distinguished from petit larceny by statutory definition, but that the statute merely provides different punishment; a felony penalty in cases where the value of the property stolen is more than $10

(Now more than $35), and a misdemeanor penalty where the value is less than $10 (now less than $35). We pointed out in *Underwood* that the theft of property of such value to incur the felony penalty has been designated by court opinion as *grand larceny* and the theft of property of the lesser value designated petit larceny. In other words, in *Underwood* we held, in effect, that since grand and petit larceny have been so well and so long defined and distinguished as felonies and misdemeanors, by judicial decision, the charge of grand larceny in an indictment or information charges theft of such value to constitute a felony and such charge without stating value is good on demurrer.

It is true that the appellant in the case at bar could have ascertained by bill of particulars whether he was being charged with a felony or a misdemeanor under the statute, but we are of the opinion that since the value of the property involved went to the essence of the charge in the case at bar, the duty was on the state to properly advise the appellant as to whether he was charged with a misdemeanor or a felony before requiring him to plead to the charge.

Ark. Stat. Ann. § 43-1009 (Repl. 1964) provides that:

"An indictment, except in cases mentioned in the next section, must charge but one offense, but, if it may have been committed in different modes, and by different means, the indictment may allege the modes and means in the alternative."

Section 43-1010 provides for the joinder of offenses but grand larceny and petit larceny charged under the single charge of larceny is not among them. A very practical reason why the burden is on the state to either charge grand larceny, or petit larceny, or state the value of property taken, or otherwise couch the information in terms that would advise the accused of whether he was charged with grand or petit larceny before he is required to plead to the indictment or information, is that the accused might desire to plead guilty to a mere misdemeanor carrying a maximum penalty of $300 and one year in the county or city jail, whereas, he would desire to put the state on its proof where the maximum penal-

ty is 21 years in the penitentiary.

It only follows from the statutorily graded offense of "larceny" that an information simply charging the accused with the crime of "larceny" would of necessity include the lesser of the two grades, petit larceny, but might or might not include the greater grade, grand larceny. Consequently, such information would be good on demurrer as to the lesser offense, petit larceny.

It is, of course, elementary law that a charge of grand larceny carries with it and includes the lesser offense of petit larceny, but a charge of petit larceny does not carry with it and include the offense of grand larceny. An accused may be convicted of the lesser offense under proper instructions when charged with the greater offense, but he cannot be convicted of the greater offense (a felony) when only charged with the lesser offense (a misdemeanor). An accused must be charged with a felony before he is convicted of having committed one.

We conclude, therefore, that the trial court erred in permitting the appellant to be put to trial on a felony when he was not charged with having committed one.

The judgment is reversed and the cause remanded.