Barney Lee DOLES *v.* STATE of Arkansas

CR 83-63 657 S.W.2d 538

Supreme Court of Arkansas
Opinion delivered September 26, 1983

300

*Danny P. Rodgers,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. This is the second appeal of this case. In *Doles v. State,* 275 Ark. 448, 631 S.W.2d 281 (1982), we ordered a retrial because the trial court had refused to instruct the jury on justification, commonly known as self-defense. Doles shot James "Sonny" Harris either in the doorway or on the front porch of the house where Doles and his father both lived in Amity, Arkansas, located in Pike County. At his first trial Doles was convicted of second degree murder and sentenced to 20 years imprisonment; the judgment was exactly the same in his second trial.

This time Doles argues that his conviction should be reversed because there was insufficient evidence to support the charge because Doles was in his own home and any killing there is presumed to be justified; he also argues that the trial court should have admitted a statement taken from Lisa Dean who was present at the killing and was unavailable at the first and second trials. We find no error and affirm the judgment.

Whether the killing was justified was a jury question. The jury was instructed on a recent Arkansas statute although it was not in force at the time of the killing. That statute is Ark. Stat. Ann. § 41-507.1 (Supp. 1983), which essentially provides that there is a legal presumption that any force used in one's home is justified unless overcome by clear and convincing evidence. This statute has not legalized murder. The jury undoubtedly found from the evidence Doles knowingly caused the death of Harris under circumstances manifesting extreme indifference to the value of

human life — conduct which constitutes second degree murder.

Doles and Harris were acquaintances and on the day in question they were arguing about Lisa Dean and Harris' treatment of her. Doles had originally picked Dean up as a hitchhiker, but she was living with Harris at the time of the killing. Harris was drunk that day. The autopsy showed he had a blood alcohol content of .28 — a very high content. Doles said he knew Harris was drunk. When all the parties finally arrived at the home of Doles' father, about 1:00 a.m., the argument continued. Lisa Dean was present. Doles' father, hearing the argument, came out of the home and pulled a knife. Doles took the knife away. Later, his father got the rifle with which Harris was shot, and Doles took that from him.

Harris had no gun. He was merely advancing on Doles when Doles shot him. Harris' arms were at his side. Doles shot him, probably as he reached the doorway of the home. When the police arrived, Doles' father at first lied, saying he had shot Harris. The body was found outside the door on the porch; the officers testified that, in their judgment, it had not been moved. Harris was five feet four inches and weighed about 125 pounds; Doles was six feet two inches and weighed 170 pounds. Harris was drunk, Doles evidently was not. Doles claimed that he shot Harris out of fear. The jury found the killing unjustified. We cannot say there is not substantial evidence to support the verdict, which is our test on review. *Nichols* v. *State,* 280 Ark. 173, 655 S.W.2d 450 (1983).

Lisa Dean disappeared. She could not be located for the first trial and the parties stipulated she could not be found for the second trial. The appellant argues that since Lisa Dean is unavailable, he is entitled to either an indefinite continuance or, in the alternative, that the State must admit the veracity of Dean's statement. We ruled in the first case the statement was hearsay and not entitled to admission as an exception to the hearsay rule because it did not qualify under the usual exceptions, and did not have "equivalent circumstantial guarantees of trustworthiness." Unif. R. Evid. 804. That ruling applies to this case. The appellant concedes that

but contends the constitutional right to compulsory attendance of witnesses requires that Dean's statement be introduced and that the State admit its veracity or, in the alternative, that he be granted an indefinite continuance. That is not the law. A person is not entitled to an indefinite continuance simply because a potential witness cannot be located. The elements of the diligence of the defense and the cooperation, or lack of it, on the part of the State are highly relevant in such cases, as is the likelihood of the movant ever procuring the witness. *Thacker* v. *State,* 253 Ark. 864, 489 S.W.2d 500 (1973). The State had tried to locate this witness, and the parties agreed that she could not be found and there was no basis for believing that she could ever be located. The court issued a subpoena but it was obviously a futile effort. Where there is no evidence that a witness can ever be procured, denial of a continuance is proper. *See Thacker* v. *State, supra; McCarthy* v. *State,* 90 Ark. 384, 119 S.W. 646 (1909).

The constitutional right to the compulsory attendance of witnesses is the right to have the force of the judicial process available to secure a witness' presence. Ark. Const. art. 2, § 10. *See Graham* v. *State,* 50 Ark. 161, 6 S.W. 721 (1889). Doles cites Arkansas cases where the State agreed to admit the truth of the facts in affidavits in order to avoid delays. *See, e.g., McCarthy* v. *State, supra; Graham* v. *State, supra. See also* Ark. Stat. Ann. § 27-1403 (Repl. 1979). That principle cannot be distorted to compel the State to admit facts favorable to the defense's theory where a defense witness is unavailable. Doles had the force of the judicial process available to him and that is all the constitution requires.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I do not know whether Barney Lee Doles is guilty or not. Given only the evidence presented to the jury I probably would concur in their judgment. However, the problem is that the trial court refused to allow a statement of an eye-witness to the

homicide to be considered by the jury. The statement was taken by police officers while they were investigating this incident. Mary Lisa Dean, who was the decedent's roommate at the time of the homicide, gave a statement which was very exculpatory to the appellant. In her statement she said: "Barney was already in the house and I assumed the door was locked,"; "I heard Mr. Doles tell Sonny not to come any further."; "The whole time he was begging Sonny to go home and leave him alone."; "... Sonny kept walking in the house and looked at me and said, 'I don't give a damn.'"; "Sonny turned around and groaned at me and just fell on the stairs." I quote only small segments of the statement but one can readily see the effect it could have had on the jury. It should have been admitted pursuant to Uniform Rules of Evidence, Rule 804. This rule exempts certain hearsay testimony from exclusion under Uniform Rules of Evidence, Rule 802 (the hearsay rule). It is my opinion that the statement was admissible under Rule 804 (b) 5. It was evidence of a material fact; it was more probative than any evidence the appellant could procure through reasonable efforts; and I think that it tended to further the interest of justice and should have been admitted into evidence. Furthermore, the statement was taken by police officers during their investigation of the shooting and thus should be considered as having "equivalent circumstantial guarantees of trustworthiness" as required under this rule.

It is undisputed that both the appellant and the state made reasonable and sincere efforts to locate the witness. It is probable she was or is in Canada. In any event she was unavailable to testify in this case. In fact it was stipulated that she was unavailable for this trial. I would not have granted a continuance but would have admitted the statement under the belief that the interests of justice would be best served by admission of the statement into evidence. In my opinion it was prejudicial error to refuse to allow the statement to be considered by the jury.