Phillip Wayne HARRIS *v.* STATE of Arkansas

CA CR 83-73                                    657 S.W.2d 566

Court of Appeals of Arkansas
Division I
Opinion delivered October 5, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Jacquelyn C. Gregan,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Phillip Wayne Harris, was charged and convicted of the crime of rape in violation of Ark. Stat. Ann. § 41-1803 (Repl. 1977). We affirm.

Mary, the seven-year-old victim, testified that while she was at her grandmother's house, appellant made her get on the floor and pull down her panties. Appellant then pulled down his pants and got on top of her. Mary stated that appellant put his private place, what she called his "twinkle", in her private place and that it hurt between her

legs. When Mary complained of stomach pain, her mother took her to the Arkansas Children's Hospital. The Examining physician, Dr. Joe T. Robinson, testified that Mary's genital area was irritated, the lower region of the hymen appeared to be torn, and there was a yellowish discharge from the vaginal area. He reported that the torn hymen was consistent with sexual penetration. Dr. Robinson diagnosed that tests run on Mary were positive for gonorrhea.

Appellant contends that the evidence presented at trial was insufficient to prove rape. The thrust of his argument is that the State failed to adduce evidence of the anatomical definitions of the ambiguous terminology used by the victim.

We find the evidence to be sufficient. The record reveals that Mary's testimony left no doubt in the jury's mind that she was raped by appellant. The State clearly proved appellant penetrated Mary's vagina with his penis. In *Stevens* v. *State,* 231 Ark. 734, 332 S.W.2d 482 (1960), the victim, described as "a little girl", stated appellant put his private parts in her private parts. The jury, as well as this Court, can consider the evidence in light of their common knowledge. See, *Canard* v. *State,* 278 Ark. 372, 646 S.W.2d 3 (1983).

This court, on appeal, views the evidence in the light most favorable to the appellee and affirms if there is substantial evidence to support the conviction. *Kelley* v. *State,* 7 Ark. App. 130, 644 S.W.2d 638 (1983).

Affirmed.

MAYFIELD and COOPER, JJ., agree.