Jerrell ROBINSON v. STATE of Arkansas

CA CR 83-147                                665 S.W.2d 890

Court of Appeals of Arkansas
En Banc
Opinion delivered March 7, 1984
[Rehearing denied April 4, 1984.]

*Robert M. Abney,* for appellant.

*Steve Clark,* Atty. Gen., by: *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Jerrell Robinson, was charged with two counts of theft of property, a class C felony. He was convicted and sentenced to four years in the Arkansas Department of Correction and fined $1,000.00. We reverse and remand for a new trial.

Appellant raises two points for reversal. In his first point appellant contends that the trial court erred in refusing to give appellant's requested instruction, AMCI 403, which in effect provides that the jury is allowed to decide whether certain witnesses are accomplices, and is then instructed that the defendant cannot be convicted based upon an accomplice's testimony unless it is corroborated by other evidence tending to connect the defendant with the commission of the offense.

"Accomplice" is defined in Ark. Stat. Ann. § 41-303 (Repl. 1977), as follows:

(1) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:
(a) solicits, advises, encourages or coerces the other person to commit it; or
(b) aids, agrees to aid, or attempts to aid the other person in planning or committing it; or
(c) having a legal duty to prevent the commission of the offense, fails to make proper effort to do so.

Dwan Criner testified that he, Henry Sims, Sandra Sims, Catrina Jeffrey and appellant took appellant's car to Hargrove's Reservoir. Some of the group fished, but Criner was intoxicated and not feeling too well so he lay down in the car. While in the car, he saw appellant put two boat motors in the back of the car. He specifically denied taking the motors or having anything to do with it.

Henry Sims testified that he went fishing at Hargrove's Reservoir with Sandra Sims, Dwan Criner, Catrina Jeffrey and appellant in appellant's car. He stated that he, his sister Sandra and Catrina fished. He testified that when they arrived there were no boat motors in the car, but when they came back from fishing there were two in the trunk. Sims stated that he personally saw appellant get one of the motors and stated that appellant said he was going to take the motors to Pine Bluff and sell them.

Sandra Sims testified she had gone fishing with Catrina, Dwan, Henry and appellant in appellant's car. Once at the reservoir, only she, Henry Sims and Catrina fished. According to her testimony, appellant did not fish, and Criner lay in the car. She stated that when they got back to the car after fishing, one motor was in the back of the trunk and that appellant was toting another one to the car. She testified that "we didn't bring them [the boat motors] back" but that "Jerrell brought them back." She stated that they told appellant he shouldn't take the motors but he said he needed money. She further testified that he asked them to go to Pine Bluff but "we said no, you know, we didn't want to have nothing to do with it."

Catrina Jeffrey testified that she too went fishing with the above named persons at Hargrove's Reservoir. She stated that she didn't know anything about the motors until they were almost in Stuttgart. She then learned there were two in his trunk and that appellant had put them there. When asked how she knew that, she replied, "cause he said it."

Appellant alleges that the fact that the above named witnesses were with him during the commission of the offense is evidence that they were accomplices, thereby

entitling him to have the jury decide whether they actually were or not. Appellee responds by first noting the undisputed testimony was that although the four did ride with appellant to the reservoir, three of the four fished while appellant was apparently stealing the motors, and the fourth lay in the car, sick, while the theft was going on. All four witnesses testified that it was appellant who stole the motors, and there was no testimony by any of these witnesses to implicate any of the five persons who went to the reservoir except appellant. Their testimony was consistent with one another, with all four denying any part in the wrong doing. Under these circumstances appellee submits the fact that they rode with appellant to Hargrove's Reservoir and then fished while he stole the motors is insufficient to make their status a question for the jury to decide. Appellee further notes that appellant's contention that the witnesses were accomplices was not consistent with his defense that he did not go fishing at the reservoir with these four people and knew nothing about the theft of boat motors.

The defendant in a criminal case has the burden of proving that a witness is an accomplice whose testimony must be corroborated. *Lear* v. *State*, 278 Ark. 70, 643 S.W.2d 550 (1982). The term "accomplice" does not embrace one who had quilty knowledge or who is morally delinquent. It includes only one who takes or attempts to take some part, performs or attempts to perform some act, or owes some legal duty to the victim of the crime to prevent its commission. Mere presence, acquiescence, silence or knowledge that a crime is being committed, in the absence of some legal duty to act, concealment or knowledge or failure to inform officers of the law, is not sufficient to make an accomplice. *Hicks* v. *State*, 271 Ark. 132, 607 S.W.2d 388 (1980). It is well settled that where the evidence does not support an instruction, it should be refused. *Powell* v. *State*, 231 Ark. 737, 332 S.W.2d 483 (1960). One's status as an accomplice is a mixed question of law and fact and the issue must be submitted to the jury where there is any evidence to support a jury's finding that the witness was an accomplice. *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981).

Upon our review of the record, we find there was

evidence from which the jury could have found the four witnesses to be accomplices. They were acquainted with appellant and were passengers in his automobile. Furthermore, each of the four testified he or she was with appellant at the scene of the alleged crime on or about the time the two boat motors were discovered missing and all failed to divulge this information until questioned by law officers. *Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982), sets forth what test is to be applied to determine whether the jury is to be given an instruction as to an accomplice. *Roleson, supra,* cited *Burke* v. *State*, 242 Ark. 368, 413 S.W.2d 646 (1967), for the following proposition:

> The test, generally applied to determine whether or not one is an accomplice, is, could the person so charged be convicted as a principal, or an accessory before the fact, or an aider and abetter upon the evidence? If a judgment of conviction could be sustained, then the person may be said to be an accomplice; but, unless a judgment of conviction could be had, he is not an accomplice.

On the evidence presented here, appellant would not have been entitled to an instruction that the four witnesses were accomplices as a matter of law; however, their status as accomplices was in dispute and the court should have given AMCI 403. See *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981). The determination of their status is clearly within the province of the trier of fact. Accordingly, the trial court erred in refusing to instruct the jury so as to allow it to determine the status of the four witnesses and we reverse and remand for new trial.

Appellant's final point for reversal alleges that the trial court erred in allowing the State to amend the information charging appellant with theft of property. The original information stated:

> The said defendant *on the 14th day of October, 1982,* in the Northern District of Arkansas County, did then and there unlawfully . . . (Emphasis added)

The information was amended to state:

> The said defendant *on or about the 14th day of October, 1982,* in the Northern District of Arkansas County, did then and there, unlawfully . . . (Emphasis added)

On the day of trial the State moved to amend the information over the objection of the appellant. Appellant argues that this amendment endangered his right to a fair trial and destroyed his defense wherein he was prepared to offer witnesses to show he was somewhere other than at the scene of the alleged crime on October 14, 1982. Pursuant to the authority of *Prokos* v. *State,* 266 Ark. 50, 582 S.W.2d 36 (1979), appellant may have been entitled to a continuance; however, it was not requested by appellant. The record reflects that the prosecutor had earlier advised defense counsel of his amendment and advised him that the State would not object to a motion for continuance. The prosecutor stated that defense counsel indicated to him that no continuance would be requested. In addition to the foregoing, Ark. Stat. Ann. § 43-1015 (Repl. 1977), provides that a statement in the information as to the time the alleged offense is committed is immaterial except where time is a material ingredient in the offense. See also, *Scoggins* v. *State,* 258 Ark. 749, 528 S.W.2d 641 (1975), and *Payne* v. *State,* 224 Ark. 309, 272 S.W.2d 829 (1954). We find no error here.

Reversed and remanded.

CLONINGER, J., dissents.

LAWSON CLONINGER, Judge, dissenting. I respectfully disagree with the majority. There was no issue for the jury to determine, because there was no evidence that the witnesses who were with appellant at the time of the offense were accomplices.

Where the evidence does not support an instruction it should be refused. *Powell* v. *State,* 231 Ark. 737, 332 S.W.2d 483 (1960). Moreover, it should be noted that appellant's contention that the witnesses were accomplices is not consistent with his defense. He admitted knowing the four

witnesses but specifically denied going fishing with them or going to the reservoir. His sole defense was that he was not there and did not steal the motors.

I would affirm the judgment of the trial court.