Marlen D. CLARK v. STATE of Arkansas

CA CR 84-178                                    695 S.W.2d 396

Court of Appeals of Arkansas
Division II
Opinion delivered September 11, 1985
[Rehearing denied October 23, 1985.]

394

*Fred M. Pickens, Jr.* and *Edward Boyce*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Marlen D. Clark, appeals from an Independence County Circuit Jury verdict which found him guilty of manslaughter and fixed his punishment at five years in the Arkansas Department of Correction plus a fine of

$6,000.00. We affirm.

Evidence was presented at the trial that appellant went to the home of the decedent, J. N. Maples, in order to obtain his assistance in repairing appellant's car. The two men ended up at appellant's mobile home and thereafter apparently consumed a large quantity of wine. Appellant's brother stopped by the mobile home around 4:30 or 5:00 p.m. and testified that during the ten or fifteen minutes he was there, the atmosphere and conversation between appellant and the decedent was friendly. Appellant Clark testified that he either passed out or fell asleep in his kitchen. He awoke upon hearing a noise outside. Appellant stated that the trailer door was open and he observed someone in his yard about 35 or 40 feet away heading towards his door. He testified that the mobile home did not have an outside light and that his vision was further hampered by the fact that he was not wearing glasses. Appellant Clark stated that he asked the intruder for identification in a loud voice and received no response. He testified further that he called out again and did not receive a response. Appellant Clark stated that he thought the person intended to rob him and he retrieved his handgun from the bedroom, went back to the door and called out a third time. Upon receiving no response, he stated that he became more apprehensive, ordered the intruder to stop which he did not do and then aimed his gun at the bulk of the intruder's body and shot him. Appellant Clark testified that it was at this point that he realized the intruder might have been his friend, J. N. Maples, and he began to yell for help and attempted to wave down a car on the road. Appellant also testified that he had lived in the area for approximately ten months, that he did not have a telephone, that he had known the decedent for four months, and they were "drinking buddies."

Appellant admittedly shot and killed the decedent as he approached the mobile home. The decedent did not threaten appellant nor did he carry a weapon but approached the trailer in what was apparently a slow walk. The decedent did not reach the door of appellant's mobile home and was shot by appellant within nine feet of it. The State presented evidence that appellant registered .21 on a breath test administered after the shooting. Evidence was also presented on the impact of alcohol on a person's vision.

In his first assignment of error, appellant contends the trial court erred in refusing to give his requested instruction on the use of deadly force in defense of premises (AMCI 4106). In the alternative, appellant argues error of the trial court in refusing to give his requested instruction based upon Ark. Stat. Ann. § 41-507.1 (Supp. 1983). This section provides a legal presumption that force used to defend oneself and the lives of persons or property in one's home is justified unless overcome by clear and convincing evidence.

The record reflects that the jury was instructed on deadly physical force in defense of a person (AMCI 4105). The trial court refused to instruct the jury on defense of premises (AMCI 4106) due to lack of evidence of arson or burglary.

It is well settled that where the evidence does not support an instruction, it should be refused. *Robinson v. State*, 11 Ark. App. 18, 665 S.W.2d 890 (1984). Even if an instruction contains a correct statement of the law, it does not mean it is error for the trial judge to refuse to give it if there is no basis in the evidence for it. *Wilson v. State*, 9 Ark. App. 213, 657 S.W.2d 558 (1983).

AMCI 4106, which the trial court refused, permits the use of deadly physical force to defend premises if: (a) a person reasonably believes it is necessary to prevent arson or burglary or (b) a person reasonably believes that another person is committing or about to commit a felony with unlawful deadly force.

We find no error in the trial court's refusal to give an instruction on defense of premises. The evidence reflects that appellant feared the decedent might rob or harm him. The testimony of appellant established that the decedent approached from the front yard at a normal pace. Appellant observed no weapons on the decedent nor any threatening movements. The crimes mentioned in subsection (a) of appellant's proffered instruction relating to defense of premises consist of burglary or arson and the evidence did not support the giving of this instruction. Subsection (b) of appellant's proffered instruction was a duplication of that already given the jury on the use of deadly physical force in defense of one's person. It is not necessary to give a requested instruction if it is sufficiently covered by another instruction. *Cobb v. State*, 265 Ark. 527, 579 S.W.2d 612

(1979). Accordingly, we find no merit to the first half of appellant's assignment of error.

Appellant contends in the alternative that the trial court erred in refusing to give his proffered instruction based upon Ark. Stat.Ann. § 41-507.1. As previously noted, this statute provides a legal presumption that force used to defend oneself and the lives of persons or property in one's home is justified unless overcome by clear and convincing evidence.

■ We find the commentary following AMCI 4106 to be pertinent which provides as follows:

> The Committee believes that the presumption set forth in Ark. Stat. Ann. § 41-507.1 in favor of a person defending himself in his home has no effect. If evidence is introduced to trigger the presumption, that same evidence supports the existence of the defense. Under Ark. Stat. Ann. § 41-110(1)(a) and (3) and § 41-115(c) the prosecution has the burden to prove as an element of its case the negation of any defense beyond a reasonable doubt. A presumption running in the defendant's favor which may be defeated by clear and convincing evidence by the state, but which also supports a defense which ultimately must be overcome by the state by evidence beyond a reasonable doubt, is of no effect.

Inasmuch as the jury was instructed pursuant to AMCI 4105 which required the State to overcome appellant's reliance on self-defense of his person by a standard of beyond a reasonable doubt, we cannot say the trial court erred in refusing to instruct the jury upon Ark. Stat. Ann. § 41-507.1.

Appellant in his final point for reversal alleges that the evidence was insufficient to support a conviction of manslaughter. The record reflects that the jury was instructed on second degree murder, manslaughter and negligent homicide. Appellant moved unsuccessfully for a directed verdict of acquittal at the conclusion of all of the evidence on the basis that the State had failed to introduce sufficient evidence to overcome appellant's justification defense. Appellant argues on appeal that the trial court erred in overruling his motion for directed verdict.

■ A motion for a directed verdict is a challenge to the

sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). It is proper only where there are no factual issues to be determined by the jury. *Ward* v. *State*, 6 Ark. App. 349, 642 S.W.2d 328 (1982). In determining the sufficiency of the evidence, the test is whether there is substantial evidence to support the verdict. Substantial evidence must be forceful enough to compel a conclusion one way or another beyond suspicion and conjecture. *Harris* v. *State*, 9 Ark. App. 253, 657 S.W.2d 566 (1983). On appeal it is only necessary to view that evidence which is most favorable to the appellee and if there is substantial evidence to support the verdict, the finding must be affirmed. *Fountain* v. *State*, 273 Ark. 457, 620 S.W.2d 936 (1981).

In order to convict appellant on a charge of manslaughter, the State had to prove beyond a reasonable doubt that appellant recklessly caused the death of decedent J. N. Maples. Ark. Stat. Ann. § 41-1504(1)(c) (Repl. 1977). "Recklessly" is defined in Ark. Stat. Ann. § 41-203(3) (Repl. 1977), as follows:

> (3) "Recklessly." A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

Reckless conduct involves a conscious disregard of a perceived risk. *Smith* v. *State*, 3 Ark. App. 224, 623 S.W.2d 862 (1981).

In the instant case appellant contends that the State gave no rebuttal testimony or evidence to overcome the justification issues established by appellant. Whether the killing was justified was a jury question. *Doles* v. *State*, 280 Ark. 299, 657 S.W.2d 538 (1983). The State had the burden to prove as an element of its case the negation of appellant's justification defense beyond a reasonable doubt. It undoubtedly convinced the jury with evidence which met its burden of proof. The only evidence adduced by appellant on justification was his testimony that he was afraid of being robbed or harmed. The jury found the killing unjustified and we cannot say that there is not substantial evidence to support its conclusion. Furthermore, we believe the evidence is without doubt substantial that appellant's conduct

was reckless and exhibited a conscious disregard of a perceived risk.

Affirmed.

COOPER and CLONINGER, JJ., agree.