Randy STRICKLAND *v.* STATE of Arkansas

CA CR 85-122                                    701 S.W.2d 127

Court of Appeals of Arkansas
Division II
Opinion delivered December 18, 1985

*Hilburn, Bethune, Calhoon, Forster, Harper & Pruniski,* by: *John F. Foster, Jr.* and *Dorcy Kyle Corbin,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joel Oliver Huggins,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Appellant appeals his conviction of conspiracy to manufacture a controlled substance for which he received a sentence of seven and one-half years in the Arkansas Department of Correction. For reversal, appellant submits the trial court erred in (1) refusing to instruct the jury that Donald Flaherty and Wesley Atkinson were accomplices as a matter of law, (2) denying his motion for a directed verdict because there was insufficient corroborating evidence of co-conspirators' and accomplices' testimonies to sustain his conviction, (3) granting the State's motion *in limine,* and (4) ruling it had jurisdiction.

Testifying for the State, Vickie Howell stated that she, James Boyce, and appellant decided to set up a lab to manufacture crystal methamphetamine. Howell testified that they all contributed equal amounts of money, and had spent about $2,500 on equipment and chemicals for the lab prior to their arrests. The items, which were ordered by Howell, were shipped to Wesley

Atkinson's apartment in Texas, and then were transported and stored in Boyce's house in Arkansas. A couple of weeks before appellant was arrested, Donald Flaherty gave appellant $750 to join the scheme, but about a week before the arrests, Flaherty went to appellant and, using a gun, got his money back.

■ Appellant contends that Atkinson and Flaherty were accomplices as a matter of law, and that the court erred when it instructed the jury that only Boyce and Howell were accomplices. The defendant in a criminal case has the burden of proof that a witness is an accomplice whose testimony must be corroborated. *Lear* v. *State*, 278 Ark. 70, 643 S.W.2d 550 (1982); *Robinson* v. *State*, 11 Ark. App. 18, 665 S.W.2d 890 (1984).

Flaherty testified that, approximately a month before the arrests, appellant talked to him on four to six occasions about buying into the scheme. On about April 7, 1984, Flaherty invested $750 in the enterprise, but he testified that, on or about April 14, he successfully demanded the return of his money. During this one-week period, a delivery was made to Atkinson's apartment, and a later one was made on April 19. The arrests were made on April 21, 1984.

The State argues that, because he withdrew his money, Flaherty's status as an accomplice was a fact issue for the jury. We do not agree. After Flaherty joined the conspiracy, he, too, became an accomplice. Thereafter, he did not lawfully withdraw his participation in the conspiracy or terminate his role as an accomplice in the offense of conspiracy.

■ The crime of conspiracy exists when one, for the purpose of promoting or facilitating the commission of a criminal offense, agrees with another person or persons that he will engage or aid in committing the offense, coupled with an overt act pursuant to the conspiracy. *Shrader* v. *State*, 13 Ark. App. 17, 678 S.W.2d 777 (1984); Ark. Stat. Ann. § 41-707 (Repl. 1977). The evidence here clearly establishes that Flaherty agreed with and joined in the conspiracy, committing an overt act by the payment of money. Once having done so, there was no way for him to renounce the conspiracy except in accordance with the provisions of Ark. Stat. Ann. § 41-710 (Repl. 1977). Section 41-710 provides that:

It is an affirmative defense to a prosecution for conspiracy to commit an offense that the defendant:

1) thwarted the success of the conspiracy under circumstances manifesting a complete and voluntary renunciation of his criminal purpose; or

2) terminated his participation in the conspiracy and:

> (a) gave timely warning to appropriate law enforcement authorities; or

> (b) otherwise made a substantial effort to prevent the commission of the offense, under circumstances manifesting a voluntary and complete renunciation of his criminal purpose.

█ Because his sole action was the retrieval of his money, we hold that Flaherty failed to renounce the conspiracy.

██ Furthermore, we do not agree that Flaherty withdrew as an accomplice when he retrieved his money. Ark. Stat. Ann. § 41-303(1) (Repl. 1977) provides:

> A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he: (a) solicits, advises, encourages or coerces the other person to commit it; or (b) aids, agrees to aid, or attempts to aid the other person in planning or committing it. . . .

Flaherty became an accomplice to the crime of conspiracy when he agreed to join the conspiracy and provided funds for the accomplishment of its purpose. Thus, he failed to avoid liability as an accomplice, according to Ark. Stat. Ann. § 41-305(2) (Repl. 1977), which, in pertinent part, provides:

> It is an affirmative defense to a prosecution for an offense respecting which the liability of the defendant is based on the conduct of another person that the defendant terminates his complicity *prior to the commission of the offense* and. . . . (Emphasis added)

The conspiracy was in effect at the time Flaherty joined it, and his act of putting money into the scheme sealed his status as an

accomplice and co-conspirator.

The trial court, however, was correct when it determined Atkinson was not an accomplice as a matter of law. Atkinson's uncontradicted testimony was that, while he did store boxes delivered to his apartment, and transported some of them for delivery to Howell and Boyce, he did not know what the boxes contained. The court in *Cate* v. *State*, 270 Ark. 972, 606 S.W.2d 764 (1980), quoted the commentary to Ark. Stat. Ann. § 41-707 (Repl. 1977), the conspiracy statute, as being helpful in determining accomplice status. The commentary states that the phrasing "the purpose of promoting or facilitating the commission of any criminal offense" serves to exclude from the provision's application persons who engage in conduct that furthers the ends of a conspiracy, but who have no purpose to do so. Because Atkinson's knowledge of the conspiracy was in dispute, his complicity was a fact issue which was properly presented to the jury.

Holding that the trial court erred in failing to instruct the jury that Flaherty was an accomplice as a matter of law, we now consider appellant's second point: that the trial court erred in denying his motion for a directed verdict. Directed verdict motions are challenges to the sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982); *Walker* v. *State*, 13 Ark. App. 124, 680 S.W.2d 915 (1984). The test for determining the sufficiency of corroborating evidence is whether, if the testimony of the accomplice is disregarded, there is other independent evidence to establish the crime and connect the defendant with its commission. *Linell* v. *State*, 283 Ark. 162, 671 S.W.2d 741 (1984); *Walker, supra*.

Excluding the testimony of accomplices Howell, Boyce and Flaherty, Atkinson's testimony is the only evidence that could conceivably connect the appellant with the conspiracy offense. Atkinson testified that, on one occasion, Howell and Boyce were driving a white van with a greenish-blue stripe on its side when they picked up some boxes at his apartment. He said he did not know the owner of the van, but after the arrests were made, he saw the van at appellant's attorney's office, and saw appellant get out of it. He testified that he thought it was the same van that had been driven by Boyce and Howell, and it was

distinctive because of the stripe down its side. While one might infer from Atkinson's testimony that the van used by Howell and Boyce belonged to appellant, there is simply no corroborating evidence that connects or places him personally with any of the related acts of the conspiracy. At most, Atkinson's testimony raises only a suspicion of involvement on appellant's part. Because evidence which merely raises a suspicion that an accused may be guilty is not sufficient, *Polland* v. *State*, 264 Ark. 753, 574 S.W.2d 656 (1978), we have no alternative but to reverse the judgment and dismiss the cause. In so holding, we need not discuss the remaining issues.

Reversed and dismissed.

CLONINGER, J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the majority opinion in this case. I think the witness Donald Flaherty was still an accomplice regardless of whether he had renounced the conspiracy or acquired a defense to prosecution as an accomplice, and his testimony had to be corroborated.

In *Shrader* v. *State*, 13 Ark. App. 17, 678 S.W.2d 777 (1984), we said:

> In *People* v. *Comstock*, 305 P. 2d 228, 234 (Cal. Dist. Ct. App. 1956) the court said: "The statutory requirement of corroboration is based primarily upon the fact that experience has shown that the evidence of an accomplice should be viewed with care, caution and suspicion because it comes from a tainted source and is often given in the hope or expectation of leniency or immunity." In 30 Am. Jur. 2d *Evidence* § 1148 at 323 (1967), it is said that "a long history of human frailty and governmental overreaching for conviction has justified distrust in accomplice testimony." We hold that Ark. Stat. Ann. § 43-2116 (Repl. 1977), requiring that the testimony of an accomplice be corroborated, applies to the testimony of Bill Smith as a matter of law under the circumstances of the record now before us.