Dow Richard PURSLEY *v.* STATE of Arkansas

CA CR 86-242                                    730 S.W.2d 250

Court of Appeals of Arkansas
Division II
Opinion delivered May 20, 1987

108

*Leon Holmes*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Dow Richard Pursley was convicted of having unlawfully entered and remained on the premises of Dr. William F. Harrison on three successive Fridays. He does not deny his guilt of criminal trespass but contends that it was error under the circumstances in this case for the trial court to refuse to give a proffered instruction on the so-called "choice of evils defense." We conclude that there was no error and affirm the convictions.

Arkansas Statutes Annotated § 41-504(1) (Repl. 1977) provides as follows:

Conduct which would otherwise constitute an offense is justifiable when:

(a) the conduct is necessary as an emergency measure

to avoid an imminent public or private injury; and

(b) the desirability and urgency of avoiding the injury outweigh, according to ordinary standards of reasonableness, the injury sought to be prevented by the law proscribing the conduct.

The commentary to this section states that conduct that would ordinarily be criminal may be excused because of extraordinary attendant circumstances, and that such circumstances permit a comparison of the injury caused by the criminal offense with the public or private injury the actor seeks to prevent. This section, however, is to be narrowly construed and applied. *Koonce* v. *State*, 269 Ark. 96, 598 S.W.2d 741 (1980). The commentary to this section lists some illustrative situations which might permit recourse to this rule: (1) destruction of buildings or other structures to keep fire from spreading; (2) breaking levees to prevent the flooding of a city, causing, in the process, flooding of an individual's property; and (3) temporary appropriation of another person's vehicle to remove a seriously injured person to a hospital. Other similar situations which might give rise to the defense were recognized in *Koonce* v. *State, supra.* In all of the illustrative situations set out in the commentary and in *Koonce*, the actor finds himself in an emergency situation requiring emergency measures which would not be permitted under less urgent circumstances. The evidence in this case, when viewed in the light most favorable to the appellant, bears no similarity to any of these examples.

In order for the choice of evils defense to be available, there must be proof of extraordinary attendant circumstances requiring emergency measures in order to avoid an imminent public or private injury. Here there was no proof of extraordinary attendant circumstances. Appellant lived in Springdale, Arkansas, where he engaged in the practice of counseling. From his experience in counseling young women who had undergone abortions, he had formed a belief that serious psychological consequences could result and that those contemplating abortion should be advised by him of the possible results of and alternatives to such a procedure. On the three Fridays mentioned in the information (and may other prior occasions), he had intentionally come to Fayetteville and stationed himself on public property

near the clinic. As women went into the clinic, he followed them onto the private property to express his views to them despite repeatedly being told not to do so. He did not find himself faced with extraordinary or unexpected circumstances requiring a choice of action. Without regard to alternative measures, he had deliberately placed himself near the clinic in anticipation of events which he knew would occur and with his choice of action already determined.

Nor was there proof of an imminent danger of injury to the women. There was no evidence that any of them were either pregnant or had come to the clinic for an abortion. Dr. Harrison testified that he was a physician engaged in the practice of obstetrics and gynecology—"delivering babies and taking care of female reproductive organs." No evidence that he was not so engaged was offered by the appellant or sought on cross-examination of Dr. Harrison.

■■ It is well settled that, where the evidence does not support an instruction, it should be refused. Even if the instruction contains a correct statement of the law, it is not error for the trial judge to refuse it if there is no basis in the evidence for giving it. *Clark* v. *State*, 15 Ark. App. 393, 695 S.W.2d 396 (1985); *Wilson* v. *State*, 9 Ark. App. 211, 657 S.W.2d 558 (1983).

Appellant also contends that the trial court erred in excluding evidence of instances of abortion's harmful results observed by him in his practice as a counselor. He argues that this evidence would establish the injury he was seeking to avoid. In view of our conclusion on the first point, we do not address that argument.

Affirmed.

COOPER and JENNINGS, JJ., agree.