Clyde JAMES, Jr. *v.* STATE of Arkansas

CA CR 83-140                              665 S.W.2d 883

Court of Appeals of Arkansas
Division I
Opinion delivered March 7, 1984
[Rehearing denied April 11, 1984.]

*Jack Skinner,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Clyde James, Jr. appeals from his conviction of one count of carnal abuse in the first degree as defined in Ark. Stat. Ann. § 41-1804 (Repl. 1977), a class C felony, and one count of sexual abuse in the first degree as defined in § 41-1808 (Repl. 1977), a Class D felony, for which he was sentenced to concurrent terms of 10 years and 6 years respectively. He advances six points of procedural error which he contends warrant reversal. We find no merit in any of them.

On October 1, 1982 the defendant was charged with the crime of first degree carnal abuse for engaging in deviate sexual activity with his seven year old daughter. In the second count he was accused of having committed the crime of sexual misconduct by engaging in sexual contact with his fifteen year old adopted daughter on that same day.

On January 26, 1983 the appellant filed a motion for

4

severance of offenses pursuant to A.R.Cr.P. Rule 22.2(a) which provides that where two or more offenses have been joined for trial solely on the ground that they are of the same or similar character and are not part of a single scheme or plan, the defendant shall have a right of severance. In his motion the appellant contended that these offenses were joined solely because they were of the same character and were not part of a single scheme. This motion was argued to the court on February 6, 1983. No record was made of that proceeding but in the record of a pre-trial hearing the next day, on a motion in limine and to suppress a confession, the following reference is made to it:

> THE COURT: Let's see, we argued the severance motions yesterday and I told you that I would rule on those after I heard the suppression, or what did I tell you yesterday?

> MR. SKINNER: Judge, I believe you said at that point you would overrule the motions, however, you would allow me to request the motions again after the suppression hearing and you might reconsider.

> THE COURT: I believe that's right.

The hearing continued on the motion to suppress the confession. No evidence as to the circumstances under which the two crimes were alleged to have been committed was offered. At the conclusion of that hearing the court denied the motion to suppress. Appellant's counsel then brought to the court's attention his motion for severance of offenses and the court announced that he adhered to his prior decision to deny it. Nothing further on this subject appears in the record.

On March 23, 1983 the trial was held on both counts contained in the information. Appellant contends that he was prejudiced by being forced into a single trial of two separate offenses which were not proved to be part of a single scheme or plan. He argues that, as the younger victim testified to one act of carnal abuse during "the summer of last year" and the older one to an act of sexual misconduct

"on the last Friday in July," there was nothing to show a single scheme. Appellant relies on *Teas v. State,* 266 Ark. 572, 587 S.W.2d 28 (1979) and A.R.Cr.P. Rule 22.2(a). We do not agree.

A.R.Cr.P. Rule 22.1(a) requires that a motion for severance of offenses be timely made before trial except where it is based on a ground not previously known. Rule 22.1(b) provides as follows:

> If a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all the evidence. *Severance is waived by failure to renew the motion.* [Emphasis supplied]

We note that the information alleged that the two acts occurred on the same day. The record is silent as to what was presented to the court when the hearing was held on that motion. We cannot conclude at that point that the court abused discretion by not granting the severance. The allegation that both offenses occured on the same day between members of the same household may well be indicative of a single scheme or plan. Our cases have held that there are circumstances under which separate crimes committed upon different individuals close in time may constitute a single scheme or plan within the meaning of A.R.Cr.P. Rule 22.2(a). *Ruiz and Van Denton v. State,* 273 Ark. 94, 617 S.W.2d 6 (1981).

At that point the two victims had not testified as to the circumstances under which the two crimes were committed and there was no evidence indicating that the two acts were not parts of a single episode. It was not until the testimony of the two girls was presented at the trial that the evidence on which appellant based his argument appears. The motion to sever the offenses was not renewed when these victims gave their testimony, at the close of all of the evidence, or at any subsequent time. Even if the evidence disclosed that the two offenses were not a part of a single scheme or plan, and were joined solely because they were of similar character, failure to renew the motion constituted a waiver of a right to

severance under the clear wording of A.R.Cr.P. Rule 22.1(b).

Appellant next contends that the trial court erred in not permitting him to testify about statements made to him by the police officers relating to a polygraph examination. At the *Denno* hearing the officers testified that during the course of their investigation of the charges of sexual abuse the appellant voluntarily agreed to submit to a polygraph test. During a pre-test interview appellant was advised of his *Miranda* rights and he signed a written waiver and consent to take the test. They testified that no test was administered because he voluntarily confessed to having committed the two offenses during the customary pre-test interview.

In his motion to suppress the confession appellant alleged that he had waived his right to remain silent solely because of statements of the officers which misled him as to the nature of the investigation. Although appellant did not testify at the *Denno* hearing, he sought an admission from the officers on cross-examination that they had told appellant they were not conducting a criminal investigation, but the polygraph test was for his own benefit and that of Social Services in finding a solution to his difficulties and to reunite him with his children. The officers denied making any such statements. Appellant does not appeal from the court's determination that the confession was voluntary.

At the trial the officer made no mention of the polygraph test on direct examination. On cross-examination he was asked if one had been administered. Before he answered the question the State objected. Appellant argued to the court that the purpose of his question was to attack the credibility of the officer because if he again stated that no test was administered, appellant would take the stand to contradict him. The court ruled that whether a polygraph test was administered was immaterial and mention of it was too prejudicial. He did permit full cross-examination of the officer regarding any misleading statements made to appellant. The officer again denied that the statement had been made. While it does not appear that the court's ruling on the question concerning the polygraph test is the basis for appellant's argument on appeal, it does have a direct

bearing on the argument he does make.

After the State concluded its case appellant stated that in view of the court's ruling on the admission of evidence about the polygraph he wished to proffer appellant's testimony that he had been induced to come to the Sheriff's office by promises that if he took a polygraph test it would aid him in an investigation being made by the Department of Social Services and facilitate the reuniting of his family. The court ruled that he could testify concerning any matters stated in the proffer except his reference to the polygraph. Appellant now argues that the purpose of this testimony was to attack the credibility of the officer and the court erred in excluding it.

While such inducing statements might have been material to the issue of the voluntariness of the confession, the evidence was offered not for that purpose but to impeach the witness. One may not cross-examine a witness about a collateral matter and then impeach him by proof of a contradicting statement. *Peters v. State,* 103 Ark. 119, 146 S.W. 491 (1912). *Odom* v. *State,* 259 Ark. 429, 533 S.W.2d 514 (1976). The test in determining whether the issue is a collateral one is whether the cross-examining party would be entitled to prove the issue as part of his case. *Vanderpool* v. *State,* 4 Ark. App. 93, 628 S.W.2d 576 (1982). Whether the officer made the statements attributed to him or whether a polygraph test was in fact administered were collateral matters. The court was correct in his ruling.

Appellant next contends that the trial court erred in ruling that if the defendant took the stand to attack the credibility of the police officer's testimony he would be subject to the same rules of cross-examination as any other witness. He relies on Unif. R. Evid. 608(b) which provides that where a witness, including an accused person, is examined only on matters relating to credibility he does not waive his privilege against self-incrimination. We do not address this argument because it was not raised in the trial court and may not be argued for the first time on appeal.

The appellant next contends that the trial court erred in

excluding evidence of the appellant's rehabilitation, subsequent to the commission of the crimes, through counseling. The court ruled this evidence was irrelevant. We agree.

A determination of the relevancy of evidence is within the trial court's discretion and we will not reverse its ruling absent a showing of an abuse of discretion. Unif. R. Evid. 401; *Jones* v. *State*, 277 Ark. 345, 641 S.W.2d 717 (1982). Some matters in mitigation of punishment are relevant and appropriate for a jury's consideration in arriving at punishment. In the circumstances of this case we cannot conclude that the trial court abused its discretion in determining that the proffered evidence was irrelevant for that purpose. Evidence in mitigation of punishment is such that although it does not constitute justification or excuse for the offense in question it may in fairness and mercy be considered as extenuating or reducing the degree of moral culpability. The evidence proffered here had no such tendency. It was offered for the stated purpose of obtaining a suspended sentence upon showing that *subsequent* to the commission of these crimes events had occurred which made it unlikely that the appellant would commit them again. It is the function of the jury to determine the issue of guilt or innocence and fix the appropriate penalty upon a finding of guilty. Although a jury may recommend mercy or the imposition of a suspended sentence, their recommendation is advisory only and is not binding upon the trial court. The trial court alone has the authority to impose a suspended sentence. *Clayton* v. *State*, 247 Ark. 643, 447 S.W.2d 319 (1969). We find no abuse of the trial court's discretion in excluding this evidence.

The appellant next contends that the trial court erred in refusing to give his proffered instruction on sexual misconduct as a lesser included offense of carnal abuse. Carnal abuse (Ark. Stat. Ann. § 41-1804) is defined as a person eighteen years old or older engaging in sexual intercourse or deviate sexual activity with another person not his spouse who is less than fourteen years old. Sexual misconduct is defined in Ark. Stat. Ann. § 41-1807 (Repl. 1977) as engaging in sexual intercourse or deviate sexual activity with another person not one's spouse who is less than sixteen years old. It

is a class B misdemeanor. While we agree that sexual misconduct is a lesser included offense of carnal abuse in the first degree we find no error in refusal to give the instruction. It is reversible error to refuse to give a correct instruction on a lesser included offense when there is testimony furnishing a reasonable basis on which the accused may be found guilty of the lesser offense. Where, however, there is no evidence tending to disprove one of the elements of the larger offense the court is not required to instruct on the lesser one because absent such evidence there is no reasonable basis for finding an accused guilty of the lesser offense. In this type of case the jury must find the defendant guilty either of the offense charged or nothing at all. *Bongfeldt* v. *State*, 6 Ark. App. 102, 639 S.W.2d 70 (1982); *Caton & Headley* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972).

The uncontradicted evidence in this case disclosed that the victim was under the age of fourteen and that the appellant was twenty-seven years of age. There was no evidence from which the jury might find or infer that he was under the age of eighteen. We conclude that only in that event would an instruction on sexual misconduct have been required.

The appellant argues that as the victim was seven (under the age of fourteen) the actions of the appellant could have resulted in conviction under either statute. A review of our statutes, and the commentaries to them, that deal with sexual offenses to one beneath the age of consent leads to a contrary conclusion. Sexual activity with one under the age of eleven years is rape, a class Y felony, Ark. Stat. Ann. § 41-1803 (Supp. 1983). Such activity by one over eighteen years of age with another under fourteen is carnal abuse in the first degree, a class C felony, Ark. Stat. Ann. § 41-1804 (Repl. 1977), and by one over twenty with another under sixteen is carnal abuse in the third degree, a class A misdemeanor. It is clear from these various sections that the Legislature intended the age of the victim to control the severity of the penalty. In the enactment of the two degrees of carnal abuse the taking into account of the relative ages of the participants as well as the absolute age of the victim evidences an intent to exclude from their ambit such conduct

between contemporaries or near contemporaries. See Commentary to Ark. Stat. Ann. § 41-1808 (Repl. 1977).

The sexual misconduct statute was enacted to fill the gaps created by the age requirements of the two degrees of carnal abuse to cover those situations where the victim is eleven, twelve or thirteen years old and the offender is less than eighteen, or the victim is fourteen or fifteen years of age and the offender is less than twenty years old. See Commentary to Ark. Stat. Ann. § 41-1807 (Repl. 1977).

As there was no reasonable basis upon which the jury could find the accused was less than eighteen years of age, it could not have found him guilty of the lesser included offense and the court was not required to instruct on it.

At the conclusion of the closing arguments the trial court instructed the jury with respect to four verdict forms and instructed the bailiff to take them to the jury room. After the jury had retired appellant's counsel approached the bench and objected "for the record" to a comment of the prosecuting attorney during his argument. The trial court overruled the objection as being untimely made. We agree.

An objection must be made at the first opportunity to do so. *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981). Furthermore, the trial court has the opportunity to judge and observe the prejudicial impact of closing arguments to a jury and is vested with broad latitude of discretion in supervising and controlling those arguments. Decisions based on that discretion will not be overturned unless there is a manifest abuse of it. *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982). The appellant argues that the jury had not yet begun their deliberations and the court could have recalled them and admonished them not to consider those remarks. No request for recall or admonishment was made. Even if the objection had been made timely we cannot conclude that under the circumstances of this case appellant had demonstrated that the trial court abused this discretion.

Affirmed.

MAYFIELD and GLAZE, JJ., agree.