Frank BINIORES *v.* STATE of Arkansas

CA CR 85-117                    701 S.W.2d 385

Court of Appeals of Arkansas
Division I
Opinion delivered December 18, 1985
[Rehearing denied January 15, 1986.]

276

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was charged with first degree murder. After a non-jury trial, he was convicted of the crime of manslaughter for the shooting death of Larry Moss and was sentenced to six years in the

Arkansas Department of Correction. From that decision, comes this appeal.

On appeal, the appellant raises four points. First, he alleges that the trial court erred in allowing the State's expert pathologist to testify on matters outside the scope of her expertise. Second, he argues that the trial court erred in admitting multiple photographs of Moss's body. Next, he argues that the court erred in refusing to admit Moss's police record from the Little Rock Police Department as evidence. Last, he argues that there was insufficient evidence to sustain his conviction for manslaughter.

■■ Pursuant to the Arkansas Supreme Court's decision in *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), we first examine the appellant's contention concerning the sufficiency of the evidence. We review the evidence in the light most favorable to the appellee, and we affirm if there is substantial evidence to support the verdict. *Harris* v. *State*, 15 Ark. App. 58, 688 S.W.2d 947 (1985); *Wilson* v. *State*, 10 Ark. App. 176, 662 S.W.2d 204 (1983). Substantial evidence must do more than merely create a suspicion; it must be of sufficient force and character so as to force the mind beyond conjecture and compel a conclusion one way or the other with reasonable certainty. *Harris*, 284 Ark. at 252; *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

■ Manslaughter is committed if, among other things, a person

> causes the death of another person under circumstances that would be murder, except that he causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. The reasonableness of the excuse shall be determined from the viewpoint of a person in the defendant's situation as he believes it to be; . . . he recklessly causes the death of another person . . .

Ark. Stat. Ann. Section 41-1504(1)(a), (c) (Repl. 1977). Here, the appellant admittedly shot Moss on April 2, 1984, but claimed that he killed Moss in self-defense. Moss's body was found in the Lakewood Addition of North Little Rock on April 2, 1984, at 7:30 P.M. He had been shot three times, twice in the top of the head and once in the center of the forehead. Although taken into custody the evening of the shooting for D.W.I., the appellant did

not report the shooting until the next morning when he called Little Rock Municipal Judge Allan Dishongh. Judge Dishongh contacted Little Rock Police Chief Sonny Simpson, and they went to the scene of the shooting, where they found the appellant.

While the appellant testified that Moss kept saying, "these hands can kill," there is no evidence in the record that Moss had, or that the appellant thought that he had, any weapon. The evidence indicates that the fatal shot was a level one, fired inches from Moss's forehead. When Moss was found, his arms were entangled in his jacket sleeves in such a manner that they were effectively restrained. The evidence also shows that Moss's blood-alcohol level at the time of his death was one which would normally render a person stuporous. Arkansas law provides that, when a fact finder

> "believes that the defendant shot under the belief that he was about to be assaulted, but that he acted too hastily and without due care, and was therefore not justified in taking life under the circumstances, he is guilty of manslaughter."

*Hathcock* v. *State*, 256 Ark. 707, 710-11, 510 S.W.2d 276, 279 (1974), (quoting *Bruder* v. *State*, 110 Ark. 402, 161 S.W.2d 1067 (1913). The trial court here could easily find from the above evidence that the appellant acted too hastily in shooting Moss. Therefore, we hold that the evidence was sufficient to support the appellant's conviction.

The appellant argues that the trial court erred in allowing Dr. Donna Brown, the State's expert pathologist, to give opinions on matters outside her field of expertise. The first portion of Dr. Brown's testimony to which the appellant objected concerned the lack of "powder stippling" on Moss's hands. The following question was asked:

> Q. In your opinion had a person been attempting to fend off the shot to the forehead and had his hands in a position in your opinion would they—

MR. MCARTHUR

(Interposing) Objection, your Honor. This is really beyond

the scope of this lady's qualifications. She is a medical doctor, not some expert on firearms in what they may or may not do.

THE COURT:

Overruled.

MR. NEAL, CONTINUING:

In your opinion, if a person had had their hands in close proximity of the forehead at the time of the shot would you have expected to have found powder burns or residue or stippling on the hands?

A. It is likely that I could have seen if it [sic] the hands were close enough together in an attempt to defend oneself. They could have been out here and still not quite gotten to the forehead or elsewhere.

Q. Okay.

A. But I saw no direct evidence of a natural, you know, block of the hand or wrist or something like that. That stippling would indicate to me.

We hold that the trial court did not err in overruling the appellant's objection to the quoted testimony. As the Arkansas Supreme Court has said:

> Every opinion must have a basis, whether expert or lay; that is, a witness must be qualified by education or circumstance to have an opinion that will carry some weight and be of assistance to the fact finder. Whether one is qualified is a question of law to be decided by the trial judge. *Gibson* v. *Heiman*, 261 Ark. 236, 547 S.W.2d 111 (1977).

*Robinson* v. *State*, 274 Ark. 312, 315, 624 S.W.2d 435, 437 (1981). Under Ark. Stat. Ann. Section 28-1001, Unif. R. Evid. 701 (Repl. 1979), a witness, even though not qualified as an expert in an area, may give an opinion which is rationally based on his or her perceptions and which is helpful to a clear understanding of that witness's testimony or of the determination of a fact in issue. Here, the witness had been allowed to testify, without objection, that powder stippling had occurred on the forehead,

but not the hands of the victim, and that such stippling occurred only when a gun is fired at a very close range, *i.e.*, a matter of inches, not feet. Dr. Brown's opinion that the hands were not within inches of the forehead, as she felt would have been the case if a natural block of the shot had taken place at the time of the shooting, is rationally based on her perceptions and is helpful in making a determination as to whether Moss had been able to use his hands in attempting to ward off the shot. *See Gruzen* v. *State*, 276 Ark. 149, 634 S.W.2d 92, *cert. denied*, 459 U.S. 386 (1982).

██ The appellant also objected to Dr. Brown's testimony concerning Moss's ability to move his arms when his jacket was pulled approximately halfway down his back and his arms were still in the sleeves. Moss's jacket was in this position when his body was found and when Dr. Brown examined the body. The appellant objected to Dr. Brown's testimony that Moss's arms were restrained, alleging that there was no proof as to how his arms got in that position. On appeal, that appellant argues that this testimony was outside Dr. Brown's area of expertise. As the State points out, only the specific objections made at trial are available on appeal; all others are waived. *Whaley* v. *State*, 11 Ark. App. 248, 669 S.W.2d 502 (1984). However, even if the appellant had properly preserved this objection below, he has failed to demonstrate any prejudice from the alleged error, as he allowed another witness to offer the same testimony without objection. We will not reverse absent demonstrated prejudicial error. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, ___ U.S. ___, 105 S. Ct. 1847 (1985).

██ The appellant next contends that the trial court erred in allowing certain photographs of Moss's body to be introduced into evidence. The objection is to the number of photographs rather than to the photographs themselves. Photographs are admissible when they tend to corroborate the testimony of witnesses, show the nature and extent of the wounds or the savagery of the attack, aid the witnesses' ability to describe the objects portrayed, or aid the fact finder's ability to understand the testimony. *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981). They are admissible unless their probative value "is substantially outweighed by the danger of unfair prejudice . . . or needless presentation of cumulative evidence." Ark. Stat. Ann. Section 28-1001, Unif. R. Evid. 403 (Repl. 1979). The weighing of these

factors is a matter within the sound discretion of the trial court, and we will not overturn its decision without a showing of an abuse of that discretion. *Tucker* v. *State*, 3 Ark. App. 89, 622 S.W.2d 202 (1981). The fact that photographic evidence is cumulative or unnecessary does not, of itself, make it inadmissible. *Spillers* v. *State*, 272 Ark. 212, 613 S.W.2d 387 (1981). The pictures here were introduced by the State to show different views of the position of the body and the wounds. On that basis, the trial court allowed the pictures to be introduced into evidence, and we find no abuse of discretion.

■ The appellant next contends that the trial court erred in refusing to admit into evidence Moss's Little Rock Police Department record for the limited purpose of showing his past history of alcohol use and abuse. The trial court refused to admit the prior record and stated:

> a determination of fact of an issue that may be in trial in another Court is not admissible in evidence to prove that fact in the Court in which it is offered . . . The degree or content of alcohol to impair driving is such an amount that would have no probative value for the purposes that the [appellant] seeks the introduction . . . the arrest are [sic] so remote, at least most of them are to [not] have any probative value.

The appellant was attempting to use the record to show that Moss, unlike most people, was able to function with a blood-alcohol level of 0.29 per cent, the level found in Moss's brain. Determining the relevancy of evidence is a matter within the trial court's discretion; we will not reverse its ruling absent a showing of abuse of that discretion. *Jones* v. *State*, 277 Ark. 345, 641 S.W.2d 717 (1982); *James* v. *State*, 11 Ark. App. 1, 665 S.W.2d 883 (1984). Here, the court indicated that the blood-alcohol level required by law for the offenses shown on the proffered record was too low to be relevant to the claim that Moss was able to function with a blood-alcohol level almost three times the statutory limit. We hold that the trial court did not abuse its discretion in so ruling.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.