Johnnie Lee TUBBS *v.* STATE of Arkansas

CA CR 86-51                          720 S.W.2d 331

Court of Appeals of Arkansas
Division I
Opinion delivered December 10, 1986

*Bullock & McCormick*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a conviction of theft by receiving. Appellant was sentenced to one year in the Pope County Detention Center and a $1,000.00 fine.

The evidence shows that in August of 1984, James Hitchcock purchased a young calf outside the Conway Sale Barn from James Blackman. Hitchcock took the calf to the farm of J. D. Pennington to board it. Three days later, it was stolen. In March 1985 Hitchcock and Pennington went to a meeting of the Arkansas Cattlemen's Association. During a discussion of the problem of cattle thieves, Mr. and Mrs. B. B. Carter became aware that a calf they had purchased in late August 1984 matched the description of the calf that had been stolen from Hitchcock. They all went to the Carters' place and Hitchcock identified the calf, now several months old, as the one stolen from him. The Carters named appellant as the person who had sold them the calf. Appellant contended he had gotten the calf from Phillip Chenowith, who had bought it at the sale in Atkins. Appellant said he was with Chenowith when he bought the calf and that he sold calves for Chenowith by agreement.

Appellant first argues that the trial court erred in failing to grant his motion for directed verdict and his motion for judgment notwithstanding the verdict as there was not sufficient evidence to sustain his conviction.

A motion for directed verdict is a challenge to the sufficiency of the evidence; it is proper only where there are no factual issues to be determined. In a criminal case, the test is whether there is substantial evidence to support the verdict and, on appeal, it is only necessary to view that evidence which is most favorable to the appellee in determining whether there is substan-

tial evidence. *Clark* v. *State*, 15 Ark. App. 393, 695 S.W.2d 396 (1985). To be substantial, the evidence must do more than merely create a suspicion; it must be of sufficient force and character as to force the mind beyond conjecture and compel a conclusion one way or the other with reasonable certainty. *Biniores* v. *State*, 16 Ark. App. 275, 701 S.W.2d 385 (1985).

■■ In this case, there is evidence that on August 30, 1984, the appellant sold a calf, which was less than a week old, to the Carters and that it matched the description of a calf that had been stolen from Hitchcock the day before. Moreover, there is very little evidence that Chenowith had purchased the calf at the sale. The owner of the sale barn would not identify the calf as having been sold through his barn, Chenowith did not have any documentation at the trial to show he purchased the calf at the sale, and the appellant admitted he knew Chenowith had stolen cattle before. Theft by receiving only requires that one receive, retain, or dispose of the stolen property knowing, or having good reason to believe, that it was stolen. Ark. Stat. Ann. § 41-2206 (Repl. 1977). The commentary to the statute states that "the jury need not find that the actor actually knew that the property was stolen; it is sufficient that he was on notice of facts that would lead a reasonable person to entertain such a belief." Although the appellant testified that he "was sure" the calf came from the sale barn, he admitted he did not see Chenowith pay for it and did not know that Chenowith paid for it. We think the jury's verdict was supported by substantial evidence.

The appellant next contends that the trial court erred in refusing to admit the testimony of his witness Bill McKissick. According to the proffer made by appellant's counsel, McKissick would have testified that Hitchcock said he had sold the calf at the Conway sale after it was returned to him. This was offered to impeach Hitchcock's testimony that he had the calf butchered. McKissick also would have testified that, contrary to what Hitchcock had testified, Hitchcock had told McKissick that he was aware the calf had been stolen when he bought it outside the sale barn at Conway. In addition, the proffer stated that McKissick would testify that Hitchcock had offered him money to testify against the appellant, and had offered him $2,500.00 to shoot or harm the appellant.

■ The trial court refused to admit this testimony because McKissick's name had not been disclosed to the State in response to the State's motion for discovery. In the first place, the appellant says the court erred because the State was not diligent in requesting an order from the court requiring such disclosure. In reply, the State points to its motion which requests that it be treated as "a continuing request to disclose pursuant to Rule 19.2." We agree that the State, by filing a timely motion for discovery, discharged its duty and was not required to request an order from the court to compel appellant to comply.

■ Secondly, appellant contends that McKissick's testimony should have been admitted as rebuttal testimony. The Rules of Criminal Procedure, Rule 17.1(a)(i) and Rule 18.3, require both the prosecution and the defense to disclose to each other the names of witnesses they intend to call at trial. However, it has been held that if a witness called in rebuttal by the State is a genuine rebuttal witness, offering evidence to rebut that presented by the defense, not pertaining to evidence the State would be obligated to present in its case in chief, then the State is not required to furnish the name of such witness. *Parker* v. *State*, 268 Ark. 441, 597 S.W.2d 586 (1980); *see also, McCorkle* v. *State*, 270 Ark. 679, 607 S.W.2d 655 (1980). The appellant argues that the same rationale should apply to witnesses presented by the defense for the purpose of impeaching testimony presented by the State's witnesses.

■ However, the proffered testimony that Hitchcock had told McKissick that he took the calf and sold it was really not admissible for impeachment purposes because it concerned a collateral matter. One may not cross-examine a witness (in this case, Hitchcock) about a collateral matter and then impeach him by proof of a contradictory statement. *James* v. *State*, 11 Ark. App. 1, 7, 665 S.W.2d 883 (1984). Furthermore, McKissick's testimony that Hitchcock had said he knew the calf had been stolen when he bought it was not admissible under Uniform Evidence Rule 608(b). Although this evidence might tend to show that Hitchcock was guilty of theft by receiving, under the decision of *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982), it was a matter that could not be even inquired into on cross-examination because it was not probative of truthfulness or untruthfulness as required by Rule 608(b). Although an undesir-

able trait, an absence of respect for the property rights of others does not directly indicate an impairment of the trait of truthfulness. *See Rhodes* v. *State, supra.* Moreover, even if the misbehavior is denied by the witness and even if it is probative of truthfulness or untruthfulness, it may not be shown by extrinsic proof where there has been no criminal conviction for such conduct. Unif. R. Evid. 608(b).

The proffered testimony that Hitchcock had offered McKissick money to testify against the appellant, or to physically harm him, would tend to show bias against the appellant and would be independently provable and, therefore, not collateral or admissible only for impeachment purposes. *Kellensworth* v. *State*, 275 Ark. 252, 255, 631 S.W.2d 1 (1982); *see also, Hackett* v. *State*, 2 Ark. App. 228, 619 S.W.2d 687 (1981). Even so, we cannot agree with appellant's argument that he complied with Criminal Procedure Rule 18.3 because he disclosed the identity of witness McKissick as soon as practicable before trial. This is appellant's third reason for suggesting that the trial court erred in refusing to admit McKissick's testimony. The evidence cited in support of this contention is counsel's statement that McKissick would testify that Hitchcock's approach to him had occurred "within a week of trial date," and that appellant's counsel had not known about this until the night before trial and had informed the prosecuting attorney and the court about it on the morning of the trial.

It is, of course, obvious that an event occurring "within a week of trial date" could afford opportunity for several days notice to the prosecutor. The record is silent, however, as to how the notice of this event was transmitted to appellant's counsel or why it was not received sooner. Whether to exclude matters not disclosed under the discovery provisions of the Rules of Criminal Procedure is within the sound discretion of the trial court. *Lear* v. *State*, 278 Ark. 70, 75, 643 S.W.2d 550 (1982); *Rubio* v. *State*, 18 Ark. App. 277, 282, 715 S.W.2d 214 (1986). Under the circumstances in the present case, we cannot say that the trial court abused its discretion in refusing to admit into evidence the proffered testimony of appellant's witness, Bill McKissick.

Affirmed.

CRACRAFT, C.J., and GLAZE, J., agree.