Angela Diane McCRAW *v.* STATE of Arkansas

CA CR 87-187                                    748 S.W.2d 36

Court of Appeals of Arkansas
Division I
Opinion delivered April 13, 1988
[Rehearing denied May 11, 1988.]

*Anchor and Rosenzweig*, by: *Jeff Rosenzweig*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

DONALD L. CORBIN, Chief Judge. This case comes to us from Pulaski County Circuit Court, First Division. Appellant, Angela Diane McCraw, appeals her conviction of intimidating a witness, a violation of Arkansas Statutes Annotated § 41-2609 (Repl. 1977). We affirm.

On September 2, 1986, a felony information was filed charging appellant and James Eddy McCraw with intimidating a witness. The State alleged that on or about July 9, 1986, the appellant and James McCraw did unlawfully, feloniously, threaten LaDonna Peek and Lester Wood, persons they believed may be called as witnesses in a criminal proceeding against Rick McCraw and James McCraw, with the purpose of influencing their testimony and/or intimidating them to avoid legal process summoning them to testify. The appellant pled not guilty. A jury trial being waived, appellant was tried before the court on March 23, 1987. Appellant was found not guilty of intimidating Peek, who did not testify at trial and guilty of intimidating Woods, who did testify. Appellant was sentenced to ten (10) years with imposition of sentence suspended for all but ninety (90) days in the Pulaski County Jail, conditioned upon compliance with written rules of conduct. The written rules required that appellant "shall not be found drunk, drinking, frequenting Third Step Country, any other bar or tavern after eight o'clock in the evening (8:00 P.M.) for a period of ten years. And any other violation of the law will result in your immediate arrest and be sentenced to the penitentiary for ten (10) years."

For reversal, appellant argues the conviction should be

reversed because (1) it is based upon an inaccurate recollection of evidence by the trial court and (2) even an accurate recollection of the testimony is legally insufficient to sustain the judgment. ·

■ The Arkansas Supreme Court's decision in *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), requires that, where the sufficiency of the evidence is challenged on appeal of a criminal conviction, we must review the sufficiency of the evidence prior to consideration of trial errors. Upon this basis, we will address appellant's second point for reversal first.

■ Appellant argues that the evidence was insufficient to sustain the court's judgment of guilty of intimidating a witness in violation of Arkansas Statutes Annotated § 41-2609, which provides in pertinent part:

> (1) A person commits the offense of intimidating a witness if he threatens a witness or a person he believes may be called as a witness with the purpose of:
>
> (a) influencing the testimony of that person; or
>
> (b) inducing that person to avoid legal process summoning him to testify;

■ To satisfy this statute, the State had to prove that appellant threatened Wood. Arkansas Statutes Annotated § 41-2601(6) (Repl. 1977) defines threat as a menace, however communicated, to use physical force against any person; or harm substantially any person with respect to his property, health, safety, business, calling, career, financial condition, reputation, or personal relationship.

Viewed in the light most favorable to appellee, the evidence in the present case reveals that the State called one witness, Lester Wood, who was previously subpoenaed to testify in a criminal proceeding against Rick and James McCraw, brothers of appellant. Wood testified that he received a call from James McCraw threatening to kill him if he testified in the proceeding against the McCraw brothers. Wood then testified that a few days later, appellant came to his uncle's trailer where he was staying and asked the whereabouts of Peek. The testimony elicited from Wood by the prosecutor regarding the alleged intimidation by appellant is as follows:

Q. We're simply here to determine what, if anything, Angie did, so just stick with what she did. Angie said what?

A. That she was after LaDonna Peek, that she was gonna whip her butt.

Q. Those are her exact words or the best you remember?

A. The exact I can remember.

Q. And what did you say?

A. Well, then she said if I—she exactly repeated what James told me sooner, you know, earlier, that if I testified that they was gonna come after me.

Wood also testified that "in a way" he felt like something could have been done to him.

Appellant agreed that she went to the trailer; however, she testified that her purpose there was to visit Connie, a girl living at the trailer with appellant's uncle. Appellant testified that as she was leaving, Wood told her that his sister wanted to see her the next day and she replied that she had to work and could not come over. Appellant's testimony revealed that this was the extent of her conversation with Wood. When the testimony is conflicting, as in this case, it is the trial court's responsibility to resolve conflicts in the evidence and to determine the credibility of the witnesses. *Smith* v. *State*, 9 Ark. App. 55, 652 S.W.2d 641 (1983). The trial judge had the right to accept such portions of the testimony as he believed to be true and reject those he believed to be false. *Wrather* v. *State*, 1 Ark. App. 155, 613 S.W.2d 601 (1981). The trial court in the case at bar apparently disbelieved appellant's explanation of the conversation she had with Wood.

In our review of criminal convictions by a court sitting without a jury, we view the evidence and all permissive inferences to be drawn from it in the light most favorable to the State. *Holmes* v. *State*, 15 Ark. App. 163, 690 S.W.2d 738 (1985). The trial court's verdict will be affirmed if supported by substantial evidence. *Jones* v. *State*, 20 Ark. App. 1, 722 S.W.2d 871 (1987). In this case, there was substantial evidence to enable the court to find appellant guilty of intimidating Wood with a threat of physical force or substantial harm if he testified in the

criminal proceedings against her brothers.

Secondly, appellant argues the trial court based its conviction upon an inaccurate recollection of evidence. We disagree. Appellant bases this argument upon the premise that the court inaccurately recalled Wood's testimony regarding appellant's alleged statement "they was gonna come after me" as being "we'll be coming after you." The above statement was made by the court while discussing his rationale for denying a directed verdict. The evidence generally reveals that the court was well aware of the facts surrounding Wood's testimony, and that his recollection of the statement as "we'll be coming after you" was his general interpretation of the evidence presented and not the technical distinction upon which he based his decision. We cannot say the court's interpretation was clearly erroneous.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.