Clydell AUSTIN *v.* STATE of Arkansas

CA CR 88-115                                    760 S.W.2d 76

Court of Appeals of Arkansas
Division I
Opinion delivered November 16, 1988

*William R. Simpson, Jr.*, Public Defender, and *Donald K. Campbell III*, Deputy Public Defender, by: *Thomas B. Devine*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in non-jury trial of theft by receiving property allegedly valued in excess of $2,500.00 in violation of Ark. Stat. Ann. § 41-2206 (Repl. 1977), now codified at Ark. Code Ann. § 5-36-106 (1987). On appeal, the only issue is the sufficiency of the evidence. We affirm.

In a criminal case, the test is whether there is substantial evidence to support the verdict and, on appeal, it is only necessary to view the evidence which is most favorable to the State in determining whether there is substantial evidence. *Clark* v. *State*, 15 Ark. App. 393, 695 S.W.2d 396 (1985). To be substantial, the evidence must do more than merely create a suspicion; it must be of sufficient force and character as to force the mind beyond conjecture and compel a conclusion one way or the other with reasonable certainty. *Biniores* v. *State*, 16 Ark. App. 275, 701 S.W.2d 385 (1985). For a defendant to be found guilty of theft by receiving, the State must prove that he received, retained, or disposed of stolen property knowing, or having good reason to believe, that it was stolen. *Tubbs* v. *State*, 19 Ark. App. 306, 720 S.W.2d 331 (1986).

The record reveals that the appellant was arrested on August 4, 1987, along with Michael Howard at Blume Scrap Metal in Little Rock. Mike Durham, a detective with the Little Rock Police Department, testified that the two men were found standing beside a blue Ford pickup truck. When Durham asked the appellant if he had any identification, the appellant told him he did not, and told the detective that his name was Bill Jones. After the arrest, an identification card was found in the appellant's pocket which identified him as Clydell Austin.

Jerry Matlock, another Little Rock Police officer, testified that he took possession of the blue truck and found that the truck bed was loaded with fifteen hydraulic disc jacks. He stated that he ran a check on the license plate of the truck and the truck did not

belong to the appellant. He also stated that the jacks were large and covered the entire bed of the truck. Bobby Oxford, a heavy equipment operator for May Construction Company, identified the jacks as ones which had been stolen from May Construction, and estimated their value at $500.00 each.

Ken Jenkins, a branch manager at Air Products and Chemicals, testified that between 8:30 and 9:00 on the morning of August 4, he noticed a barrel had been thrown over the fence surrounding the business, and that some material which was normally stored in the barrel was missing. He then called three local scrap dealers, Sol Alman Company, Gray Supply, and Blume Scrap, and described the missing materials to employees of those companies. Approximately one hour later an employee from Sol Alman called and reported that they had just purchased those items described by Jenkins. Jenkins received a description of the vehicle and went to Blume Scrap and waited until the blue Ford pick up arrived. Jenkins stated that there were two individuals in the truck when it arrived. The police were called and the appellant and Michael Howard were arrested.

It is the appellant's contention that the State did not show that he had any knowledge that the items were stolen, and that he did not participate in the selling of the goods. The weight tickets issued by the scrap company with the sale had only the name of Michael Howard on it. The appellant also asserts that he was not in possession of the jacks.

The unexplained possession or control by a person of recently stolen property, or the acquisition by a person of property for a consideration known to be far below its reasonable value gives rise to a presumption that he knows or believes that the property was stolen. *Jones* v. *State*, 20 Ark. App. 1, 722 S.W.2d 871 (1987). Constructive possession occurs when the accused maintains control or the right to control property. When stolen property is found at a location which is under the joint control of the accused and other persons, it is sufficient to prove possession if there are sufficient factors which would link the accused to the possession. *Parker* v. *State*, 270 Ark. 3, 603 S.W.2d 393 (1980). *Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123 (1985), involved the joint possession of narcotics. The appellant's comments about who had turned him in were deemed to be a sufficient

link between the appellant and the narcotics. Although *Ward* v. *State*, 280 Ark. 353, 658 S.W.2d 379 (1983) did not involve joint occupancy, the fact that Ward had attempted to sell stolen goods and fled when asked for identification was sufficient to find that Ward had possessed the stolen goods.

In the present case, there is no evidence that the appellant attempted to sell the goods. However, there was evidence that the appellant accompanied Michael Howard to Sol Alman where other stolen merchandise had been sold, there was testimony that the appellant arrived at Blume in the blue truck, that when the appellant was arrested he was beside the truck, that he falsely stated that he had no identification and told the officers his name was Bill Jones. We find these facts sufficient to establish constructive possession.

It is the appellant's contention that he was merely assisting Michael Howard by showing him where the local scrap buyers were located and that he had no knowledge that the jacks had been stolen. However, the trial judge was not required to believe his testimony because he was the person most interested in the outcome. *Core* v. *State*, 265 Ark. 409, 578 S.W.2d 581 (1979). Furthermore, the use of a false name after the commission of a crime is commonly accepted as being relevant on the issue of the consciousness of guilt. *See Kidd* v. *State*, 24 Ark. App. 55, 748 S.W.2d 38 (1988). We are of the opinion that use of a false name to avoid detection, like fleeing, is a circumstance in corroboration of evidence tending to establish guilt. *See Mason* v. *State*, 285 Ark. 479, 688 S.W.2d 299 (1985).

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.