Ron BUCKMAN d/b/a Buckman Construction Company and Tim Terry *v.* Chuck GAY and Patti Gay

CA 88-303                                    768 S.W.2d 547

Court of Appeals of Arkansas
Division I
Opinion delivered April 26, 1989

*Curtis E. Hogue*, for appellant.

*Matthews, Campbell & Rhoads, P.A.*, by: *Edwin N. Mc-Clure*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Benton County Chancery Court, First Division. Appellants, Ron Buckman d/b/a Buckman Construction Company (hereinafter Buckman) and Tim Terry, appeal from an order releasing their lien against property owned by appellees, Chuck and Patti Gay. We affirm.

Appellees filed a petition on October 20, 1987, seeking to have appellants' laborer's lien removed as a cloud upon their title to certain property located in Benton County, Arkansas. The petition alleged, among other things, that the lien was improper because it was filed outside the 120-day time limit prescribed by Arkansas Code Annotated Section 18-44-117 (1987). The matter was heard by the chancellor on March 28, 1988. The chancellor found, by order dated April 6, 1988, that appellants failed to meet their burden of proof that the lien was filed within 120 days from the date of the last work of labor done, and

therefore released the lien as a cloud against title to property owned by the appellees. From that order comes this appeal.

For reversal, appellants argue that the trial court's finding that there was no work performed by appellants within 120 days of their filing a mechanic's lien is against the preponderance of the evidence. We disagree.

Arkansas Code Annotated Section 18-44-101(a) (1987) provides in pertinent part:

> Every mechanic, builder, artisan, workman, laborer, or other person who shall do or perform any work to or upon . . . any building [or] erection, . . . under or by virtue of any contract with the owner, . . . upon complying with the provisions of this subchapter, shall have, for his work or labor done, . . . a lien upon the building [or] erection . . . and upon the land belonging to the owner . . . on which they are situated . . . .

The issue before the chancellor was whether there was "work or labor done" by appellants on April 23, 1987. If work or labor was done on that date the lien was valid; if not, the lien was filed 121 days after work or labor was done and was thus invalid. The chancellor found that no labor was performed on April 23, 1987 because no improvements to appellees' property were made. Although chancery cases are tried *de novo*, we will not set aside the chancellor's findings of fact unless clearly erroneous or clearly against the preponderance of the evidence. *Cuzick v. Lesly*, 16 Ark. App. 237, 700 S.W.2d 63 (1985).

Appellees contracted with appellant Buckman to erect a garage and addition to their home. Appellant Terry was job superintendent and had no separate contract with appellees. William Thompson was employed by appellants to do carpentry work on appellees' property. The contract between the parties was terminated by appellees on the evening of April 23, 1987, and Thompson was subsequently hired by appellees independently.

Mr. Thompson testified that he was on the job site April 23, 1987 but performed no labor. He stated that he needed additional material and a radial arm saw and was told by appellant Buckman to remain at the site until the articles arrived. He also stated that appellant Terry came to the site to look at the broken

saw and told him he would get another one or talk to appellant Buckman about it. Thompson testified that he was on the site for approximately nine hours but that the necessary articles never arrived and that he received no pay for that date because he never performed any labor.

Appellant Buckman disputed that Thompson had not been paid and introduced into evidence a time sheet which was signed by Thompson on April 23, 1987, but reflected no dates on which the work was performed. Buckman further testified that he saw Thompson working on April 23, but was unable to specifically state what work was done.

■■ Conflicts in the testimony are to be resolved by the trier of fact and we defer to the chancellor's superior position to evaluate the credibility of the witnesses. *McCraw* v. *State*, 24 Ark. App. 48, 748 S.W.2d 36 (1988). It is clear from his order that the chancellor believed Thompson's testimony that no physical labor or improvements were performed on April 23, 1987, and we cannot say that the chancellor was clearly erroneous in that regard.

Appellants argue, however, that even if the chancellor was correct in finding that no actual physical labor was performed on that date, mental labor was performed and should be included within the definition of "work or labor done." In support of their argument, appellants state that the job supervisor, appellant Terry, went to the site on April 23, 1987, and that although Thompson did no manual labor, he worked toward completion of the contract by his presence and his mental efforts.

There is little question that physical presence on a job site without more does not fall within the definition of "work or labor done." We do not attempt to define what more is required to constitute work or labor, but merely hold that on the facts and circumstances of this case, the chancellor did not err in finding that the actions of the parties involved did not constitute work or labor done.

■ The record reflects that appellant Terry was at the site for only a short period of time and was unable to make any measurable contribution toward completion of contract. Likewise, the record does not reflect any mental efforts by Thompson

contributing to completion of the contract. In fact, the record reflects that the only discussion of the work in process occurred between Thompson and appellee and was actually in derogation of the contract between appellants and appellees. The discussion resulted in appellees' firing of appellants and hiring Thompson to complete the improvements independent of appellants. Under these facts, we agree with the chancellor that no work or labor was performed sufficient to support the lien.

Affirmed.

CRACRAFT and COOPER, JJ., agree.